PEOPLE v MANDELL

Docket No. 98529. Submitted September 8, 1987, at Detroit. Decided October 7, 1987.

Dwaine Mandell was convicted, on his plea of guilty, of prison escape and breaking and entering a motor vehicle while an escapee, Recorder's Court of Detroit, and was sentenced to from one to five years in prison, the sentences to run consecutively to each other and to the sentence he was serving when he escaped, Evelyn K. Cooper, J. Defendant appealed.

The Court of Appeals *held:*

Sentences for crimes committed by an escapee are to be served consecutively to any sentence imposed for the escape.

Affirmed.

Escape — Sentencing.

Sentences for crimes committed by an escapee are to be served consecutively to any sentence imposed for the escape (MCL 768.7a[1]; MSA 28.1030[1][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief, Criminal Division, Research, Training and Appeals, and *Joseph A. Puleo,* Assistant Prosecuting Attorney, for the people.

*Hoffa, Chodak & Robiner* (by *Norman R. Robiner*), for defendant.

Before: Gribbs, P.J., and J. H. Gillis and Hood, JJ.

Per Curiam. Defendant pled guilty to prison

References

Am Jur 2d, Criminal Law §§ 188, 594.

Power of state court, during same term, to increase severity of lawful sentence—modern status. 26 ALR4th 905.

escape, MCL 750.193; MSA 28.390, and to breaking and entering a motor vehicle, MCL 750.356a; MSA 28.588(1). Defendant's one- to five-year prison sentence for escape was to run consecutively with the sentence which he was serving when he escaped. MCL 750.193(1); MSA 28.390(1). Moreover, the trial court ordered that defendant's one- to five-year prison sentence for breaking and entering be served consecutively with defendant's sentence for prison escape. MCL 768.7a(1); MSA 28.1030(1)(1). Defendant objected to the consecutive sentences at sentencing and, later, moved to withdraw his guilty plea or for resentencing on the ground that the consecutive sentences were not authorized by statute. Defendant's motions were denied. Defendant now appeals as of right raising the same issue. We affirm.

MCL 768.7a(1); MSA 28.1030(1)(1) provides:

> A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from that institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

Defendant claims that his sentence for breaking and entering could not be consecutive with his sentence for prison escape because at the time of the automobile offense defendant was not serving and had not become liable to serve his prison sentence for escape. We disagree with defendant's

interpretation. We first note that consecutive sentencing statutes should be construed liberally in order to achieve the deterrent effect intended by the Legislature. *People v Henry,* 107 Mich App 632, 635; 309 NW2d 922 (1981). MCL 768.7a(1); MSA 28.1030(1)(1) expressly provides that a defendant who is incarcerated *or* who is an escapee *and* who commits a crime in that status may be punished as provided for by law for that crime. Moreover, the sentence for the crime committed by an inmate *or* an escapee "shall commence at the expiration of the term or terms of sentence *which the person is serving or has become liable to serve* in a penal . . . institution." (Emphasis supplied.) We agree with the prosecutor that the deterrent effect of this statute can only be achieved by imposing consecutive sentences for the crime committed by an escapee. Otherwise, a defendant could conceivably commit a crime with a five-year imprisonment penalty while on escape status and not be made to serve any time for that crime. MCL 750.193(1); MSA 28.390(1). Hence, we hold that the trial judge correctly imposed consecutive sentences for defendant's breaking and entering and prison escape, a crime for which defendant had become liable to serve time in a penal institution. MCL 768.7a(1); MSA 28.1030(1)(1). Furthermore, because defendant's sentence for prison escape had to run consecutively with the sentence defendant was serving when he escaped, MCL 750.193(1); MSA 28.390(1), cumulative consecutive sentences were proper.

Affirmed.