PEOPLE v KIRKLAND

Docket No. 104297. Submitted September 7, 1988, at Lansing. Decided November 7, 1988. Leave to appeal applied for.

Leroy Kirkland, Jr., pled guilty in Lenawee Circuit Court to a charge that, while he was an inmate of the Federal Bureau of Prisons and lodged at the Community Treatment Center in Detroit, he committed a breaking and entering with intent to commit larceny. The court, Kenneth B. Glaser, J., sentenced Kirkland to 3½ to 10 years in prison, to be served consecutively to his current federal sentence. Kirkland appealed.

The Court of Appeals *held:*

The consecutive sentencing statute applies to inmates of federal penal or reformatory institutions located within the State of Michigan.

Affirmed.

CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCING STATUTE — FEDERAL INMATES.

The consecutive sentencing statute applies to inmates of federal penal or reformatory institutions located within the State of Michigan (MCL 768.7a[1]; MSA 28.1030[1][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Nathan T. Fairchild,* Prosecuting Attorney, for the people.

*Mark A. Trusock,* for defendant on appeal.

Before: DANHOF, C.J., and KELLY and BEASLEY, JJ.

---

REFERENCES

Am Jur 2d, Criminal Law §§ 551, 552.

Comment Note.—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

See the Index to Annotations under Concurrent and Consecutive Sentences.

KELLY, J. Defendant pled guilty to breaking and entering with intent to commit larceny. MCL 750.110; MSA 28.305. When defendant committed this crime in November of 1980, he was currently a federal inmate at a Community Treatment Center program in Detroit. At sentencing, the trial judge noted that defendant was an inmate when he committed the breaking and entering and sentenced him to 3½ to 10 years, to be served consecutively to his previous federal sentence. We affirm this sentence.

Defendant argues that the trial court erred by imposing a sentence to be served consecutively to, rather than concurrently with, his federal sentence. We disagree.

Our Supreme Court has held:

> [A] sentence may not be imposed to commence at the completion or expiration of Federal sentence, in the absence of statutory authority. [*In re Carey,* 372 Mich 378, 381; 126 NW2d 727 (1964).]

The consecutive sentencing statute, MCL 768.7a(1); MSA 28.1030(1)(1), provides:

> A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from that institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

The purpose of this statute is to deter persons

convicted of one crime from committing other crimes by removing the security of concurrent sentencing. *People v Sheridan,* 141 Mich App 770, 774; 367 NW2d 450 (1985). The consecutive sentencing statute should be construed liberally in order to achieve the deterrent effect intended by the Legislature. *People v Mandell,* 166 Mich App 620, 622; 420 NW2d 834 (1987). Thus, the words "incarcerated in a penal or reformatory institution" have been liberally construed to apply to inmates who are participating in community corrections programs, assigned to halfway houses, or on extended furlough when they committed additional crimes. *People v Sanders,* 130 Mich App 246, 251; 343 NW2d 513 (1983). County jails are also penal or reformatory institutions for the purposes of this statute. *Sheridan, supra.*

To further the statutory purposes of the consecutive sentencing statute, we hold that it also applies to inmates of federal penal or reformatory institutions located within the State of Michigan. If the purpose of the statute is to deter recidivism by eliminating concurrent sentencing, it would make no sense for the Legislature to exclude inmates of federal institutions. Additionally, we note that the statutory language refers to institutions in the state, not institutions of the state. Had the Legislature intended to restrict the statute's application only to state penal or reformatory institutions, it would have included such restrictive language on the face of the statute.

Affirmed.