PEOPLE v PIPER

Docket No. 116962. Submitted November 7, 1989, at Detroit. Decided December 19, 1989.

Peter Piper was serving a life sentence consecutively to other sentences the longest of which was twenty to forty years when he escaped and committed another homicide. He was convicted, on his plea of guilty, of second-degree murder and sentenced to a consecutive term of twenty-five to forty years, Osceola Circuit Court, Lawrence C. Root, J. Defendant appealed his sentence.

The Court of Appeals *held:*

1. The court properly imposed a cumulative consecutive sentence.

2. The rule that an indeterminate sentence must be no greater than the defendant may reasonably serve does not apply to the cumulative result of consecutive sentences.

3. The sentence did not shock the Court's conscience. After serving the minimum sentences, not considering disciplinary credits, defendant would be in his mid-eighties, a reasonable age to attain.

Affirmed.

1. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — PRISONS AND PRISONERS — CUMULATIVE CONSECUTIVE SENTENCES.

The consecutive sentencing statute contemplates cumulative consecutive sentences under the proper circumstances (MCL 768.7a[1]; MSA 28.1030[1][1]).

2. CRIMINAL LAW — SENTENCING — INDETERMINATE SENTENCES — CONSECUTIVE SENTENCES.

The rule that an indeterminate sentence must be no greater than the defendant may reasonably serve does not apply to the cumulative result of consecutive sentences.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law §§ 538, 542, 552-554.

See the Index to Annotations under Concurrent and Consecutive Sentences; Habitual Criminals and Subsequent Offenders; Sentence and Punishment.

*Caruso,* Solicitor General, *James L. Talaske,* Prosecuting Attorney, and *Deborah K. Canja,* Assistant Attorney General, for the people.

State Appellate Defender (by *James Krogsrud*), for defendant on appeal.

Before: GILLIS, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. Defendant appeals his December 12, 1988, sentence imposed after he pled guilty to second-degree murder, MCL 750.317; MSA 28.549, which he committed after an escape from jail. His twenty-five to forty-year prison sentence was made consecutive to the 1966 life sentence he was serving prior to his escape and to his 1986 sentences for other crimes which he committed while an escapee. We affirm.

In 1983, defendant escaped from the Lake County Jail[1] where he was serving a life sentence for a first-degree criminal sexual assault and stabbing of a seventeen-year-old girl. On May 3, 1984, defendant murdered a young, married couple in northern Osceola County by shooting them to death with a shotgun. He was eventually charged with two counts of first-degree murder and two counts of possession of a firearm during the commission of a felony but entered into a plea agreement whereby he pled guilty to one second-degree murder charge, which is the instant case. In 1985, defendant also committed three rapes of prostitutes in Kent County, and was convicted of three charges of first-degree criminal sexual conduct,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] Apparently because of overcrowding in the state prison system, defendant had been transferred to the county jail because he had been a model prisoner.

felony-firearm, assault with intent to commit sexual penetration and felonious assault. He was sentenced on all of the Kent County convictions in July, 1986, the longest sentence being twenty to forty years. These sentences were to be served consecutive to the 1966 life sentence. On December 12, 1988, he was sentenced on the instant offense to twenty-five to forty years imprisonment consecutive to both his 1966 life sentence and his Kent County sentences.

Defendant first claims that the lower court erred in making his sentence consecutive to the Kent County sentences, arguing that this was impermissibly stacking consecutive sentences and that there is no indication that the Legislature intended such a broad sweeping application. We disagree.

MCL 768.7a(1); MSA 28.1030(1)(1) provides:

> A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction of that crime, be sentenced as provided by law. *The term of imprisonment imposed for the crime shall begin to run at the expiration of the term or terms of imprisonment which the person is serving or has become liable to serve* in a penal or reformatory institution in this state. [Emphasis added.]

The consecutive sentencing statutes should be construed liberally in order to achieve the deterrent effect intended by the Legislature. *People v Kirkland,* 172 Mich App 735, 737; 432 NW2d 422 (1988); *People v Mandell,* 166 Mich App 620, 622; 420 NW2d 834 (1987). The statute clearly provides that the sentence shall commence "at the expira-

tion of a term or terms of imprisonment which the person is serving or has become liable to serve . . . ." The deterrent effect of the statute can only be achieved by imposing consecutive sentences for the crimes committed by an escapee. *Mandell, supra.* Otherwise, it is possible that a defendant may never have to serve any time for the subsequent crimes. See *Mandell, supra.*

This Court has previously upheld the validity of cumulative consecutive sentences for escapees under the above statute. See *People v McKee,* 167 Mich App 258; 421 NW2d 655 (1988); *Mandell, supra.* We agree that the language of the act mandates such sentencing and that the deterrent effect intended by the Legislature is effectuated by such sentences. In the present case, defendant became "liable to serve" the Kent County sentences for crimes committed as an escapee prior to his conviction and sentence for the instant offense, and thus the cumulative, consecutive sentence was properly imposed.

Defendant also claims that his sentence violates the mandates of *People v Moore,* 432 Mich 311, 329; 439 NW2d 684 (1989), which held that an indeterminate sentence imposed for a crime must be something that is reasonably possible for a defendant to actually serve. Defendant argues that in adding up the minimum sentences imposed for defendant's consecutive convictions, it is not reasonably possible for him to live long enough to serve the sentences and become eligible for parole. Defendant was forty-one at the time of sentencing.

In *Moore,* our Supreme Court interpreted the language which the Legislature had employed in the second-degree murder statute, MCL 750.317; MSA 28.549, as well as other statutes, which provided that the crime "shall be punished by imprisonment in the state prison for life, *or any term of*

*years,* in the discretion of the court trying the same." 432 Mich 317. (Emphasis added.) The Court concluded that the phrase "any term of years" must mean a term of years less than life, *id.,* p 319, and that, if the trial court chose to sentence a defendant to a term of years, it must be an indeterminate sentence, *id.,* p 321. Because the *Moore* Court was specifically interpreting the language used in the statute for sentencing for a single crime, we do not believe that the holding in *Moore* is applicable to a situation where cumulative consecutive sentences are lawfully imposed, and we decline to extend it so broadly.

MCL 768.7a(1); MSA 28.1030(1)(1) provides that a person who commits a crime while incarcerated or on escape status shall "be sentenced as provided by law." It then provides that this term of imprisonment shall be consecutive to a term "which the person is serving or has become liable to serve." In the present case, defendant was sentenced for the crime of second-degree murder for an indeterminate "term of years less than life" of twenty-five to forty years, "as provided by law," specifically, MCL 750.317; MSA 28.549. That sentence is well within the mandate of *Moore.* The sentence was then properly made consecutive to his previously imposed sentences as mandated by MCL 768.7a(1); MSA 28.1030(1)(1), because defendant was an escapee at the time of this crime. The sentence does not violate *Moore,* and we find it was properly imposed.

Even if we were to add all of the consecutive minimum sentences together to determine whether it was reasonably possible for defendant to serve that time and become eligible for parole, as defendant would have us do, we would still find the sentence proper under *Moore.* Defendant would be in his mid-eighties at that time, even

without considering disciplinary credits, as was done in *People v Rushlow,* 179 Mich App 172, 180; 445 NW2d 222 (1989). This Court has previously determined that it is reasonably possible for a defendant to live to the age of eighty-seven, *Rushlow, supra,* and eighty-three, *People v Holland,* 179 Mich App 184, 197; 445 NW2d 206 (1989). In *Holland,* the Court took judicial notice that with the ever-increasing life expectancies, people often live to eighty-three and beyond, and noted that three of our United States Supreme Court Justices are in their eighties. *Id.* Our conscience is not shocked by defendant's sentence. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.