# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SABRINA RACINE PARKER,

        Defendant-Appellant.

FOR PUBLICATION
April 25, 2017
9:05 a.m.

No. 330898
Kalamazoo Circuit Court
LC No. 2013-001721-FH

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Sabrina Racine Parker, appeals by leave granted her guilty plea to identity theft, MCL 445.65, and conspiracy to steal and retain a financial transaction device without consent, MCL 750.157n(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 4 to 15 years' imprisonment for each offense. The trial court ordered these sentences to run concurrently to one another, but consecutively to sentences imposed upon defendant in 2010 that she failed to complete because the Department of Corrections (DOC) erroneously released her into the community in 2011. Given the absence of statutory authority to support the trial court's imposition of consecutive sentences in this case, we remand to the trial court to correct defendant's judgment of sentence by striking the provision that her current sentences run consecutively to her sentences from 2010.

## I. PERTINENT FACTS

In October 2010, defendant was convicted and sentenced in Kent County to serve 21 to 72 months' imprisonment for possession of a stolen financial transaction device. In November 2010, while serving her Kent County sentence, defendant was also convicted of possession of a stolen financial transaction device in Monroe County and sentenced to 32 to 48 months' imprisonment. On June 6, 2011, the DOC erroneously released defendant back into the community before she finished serving either of her sentences.

The charges in the current case arose from conduct initiated on January 9, 2013, when defendant stole five credit cards from a victim while the victim was participating in a yoga class. Defendant was arrested on December 17, 2013, and subsequently entered guilty pleas to identity theft under MCL 445.65 and conspiracy to steal and retain a financial transaction device without consent under MCL 750.157n(1). The trial court sentenced defendant to concurrent sentences of 4 to 15 years' imprisonment for each offense. Because defendant's release from prison in 2011,

-1-

before completing her sentences from 2010, came about through clerical error, her presentence investigation report indicated that she was "in prison." Accordingly, the trial court ordered that defendant's sentences in this case run consecutively to the completion of her sentences from 2010 pursuant to MCL 768.7a.[1]

## II. ANALYSIS

On appeal, defendant argues that the trial court erred by ordering that her current sentences run consecutively to her sentences from 2010 because the consecutive sentencing provisions of MCL 768.7a do not apply to her. We agree.

Whether a consecutive sentence may be imposed is a question of law that we review de novo. *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003). Resolution of this issue requires us to interpret MCL 768.7a and related statutes. "The purpose of statutory interpretation is to give effect to the intent of the Legislature. If a statute is clear, we enforce it as plainly written. However, if a statute is susceptible to more than one interpretation, we must engage in judicial construction and interpret the statute." *People v Denio*, 454 Mich 691, 699; 564 NW2d 13 (1997) (citations omitted). The purpose of a consecutive sentencing statute is "to deter persons convicted of one crime from committing other crimes by removing the security of concurrent sentencing." *People v Phillips*, 217 Mich App 489, 499; 552 NW2d 487 (1996). Accordingly, " 'consecutive sentencing statute[s] should be construed liberally in order to achieve the deterrent effect intended by the Legislature.' " *Id.*, quoting *People v Kirkland*, 172 Mich App 735, 737; 432 NW2d 422 (1988).

A trial court may only impose a consecutive sentence if specifically authorized by statute. *People v Lee*, 233 Mich App 403, 405; 592 NW2d 779 (1999). Neither of the statutes under which the court sentenced defendant in this case specifically authorizes consecutive sentencing. See MCL 445.65; MCL 750.157n(1). As authority for the imposition of consecutive sentences, the trial court relied upon MCL 768.7a, which states in pertinent part:

> (1) A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction of that crime, be sentenced as provided by law. The term of imprisonment imposed for the crime shall begin to run at the expiration of the term or terms of imprisonment which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

> (2) If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense,

---

[1] Notably, the record contains a letter from the DOC to the trial court regarding defendant's sentences, indicating that it did not believe that defendant's current sentence should run consecutively to her 2010 sentences.

the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

According to the plain language of MCL 768.7a, to be subject to consecutive sentencing a person must either be "incarcerated in a penal or reformatory institution," an escapee, or a parolee. It is undisputed that defendant was neither an escapee nor a parolee when she committed the 2013 offenses. Therefore, the question before this Court is whether defendant was "incarcerated in a penal or reformatory institution" at the time of the 2013 offenses, thus warranting imposition of a consecutive sentence pursuant to MCL 768.7a(1).

It is undisputed that defendant was not literally incarcerated at the time she committed the crimes charged in this case. Therefore, interpreting MCL 768.7a(1) according to its plain language leads to the conclusion that defendant was not subject to its provisions and the trial court improperly ordered her to serve the sentences imposed for her current crimes consecutively to those imposed for her 2010 convictions. However, "[f]or consecutive sentencing purposes the term 'penal or reformatory institution' is broadly construed to include any grounds under the control of any person authorized by the Department of Corrections to have a prison inmate under care, custody or supervision either in an institution or outside an institution." *People v Sanders*, 130 Mich App 246, 250-251; 343 NW2d 513 (1983) (quotation marks and citation omitted). Literal confinement, therefore, "is not a controlling factor if the person continues to be under the control of the Department of Corrections." *People v Larkin*, 118 Mich App 471, 474; 325 NW2d 460 (1982) (concluding that a person on "pre-parole" status remains subject to the consecutive sentencing statute); see also *Kirkland*, 172 Mich App at 737 ("incarcerated in a penal or reformatory institution" applies "to inmates who are participating in community corrections programs, assigned to halfway houses, or on extended furloughs.").

However, given the particular facts of this case, even a liberal construction of the phrase "incarcerated in a penal or reformatory institution" does not bring defendant within MCL 768.7a(1) for sentencing purposes. After the DOC erroneously released defendant on June 6, 2011, the DOC stopped asserting any type of control over defendant or her activities. There is no evidence that the DOC was aware of or attempted to contact defendant regarding her erroneous release. Defendant's only connection with the DOC after her release in 2011 was that she had time left unserved on her sentences from 2010 that she could have been ordered to serve under the DOC's jurisdiction. See *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections*, 199 Mich App 681, 694; 503 NW2d 465 (1993) (indicating that a prisoner whose early release resulted from an incorrect method of calculating good-time and special good-time credits could have been required to complete his sentence). Nevertheless, as Michigan's Supreme Court recently illustrated, this connection alone is not sufficient to find that defendant was "incarcerated in a penal or reformatory institution" pursuant to MCL 768.7a(1).

*People v Veilleux*, unpublished opinion per curiam of the Court of Appeals, issued March 29, 2012 (Docket No. 302335), involved a defendant who had previously been sentenced to 365 days in jail and three years' probation for a felony drug violation, plus seven 90-day sentences for contempt of court arising from defendant's outbursts at the sentencing hearing. *Veilleux*, unpub op at 1-2. The trial court had ordered the seven sentences for contempt of court to be

served consecutively, and all of the contempt sentences were to be consecutive to the sentence for the underlying felony. *Id*. However, the DOC released the defendant in error after serving 365 days in jail on the felony violation, without having served any of his sentences for contempt of court. *Id*. at 2. Three weeks after his erroneous release, police arrested the defendant for assault. Although the assault charged was dismissed, the defendant's blood alcohol level at the time of his arrest had been .17%, and, therefore, the defendant was found in violation of the terms of his probation. *Id*. The trial court re-sentenced the defendant to 34 months to 15 years' imprisonment, and ordered the sentence to be served consecutive to the seven sentences for contempt, relying in part on MCL 768.7a(1).[2] *Id*. This Court granted the defendant's delayed application for leave to appeal, "limiting [its] inquiry to whether the trial court erred in ordering that defendant's 34 month to 15-year prison term run consecutive to his sentences for contempt of court." *Id*. Relying heavily on the Court's decision in *Williams*, a two-member majority affirmed the trial court's order of consecutive sentencing on the ground that the defendant had to complete the sentence "he remained liable to serve" at the time of his resentencing. *Id*. at 4.

Defendant sought leave to appeal this Court's decision to Michigan's Supreme Court. In lieu of granting leave to appeal, the Supreme Court reversed this Court's judgment and remanded the matter to the trial court "for it to correct the judgment of sentence by striking those provisions making the sentences for contempt consecutive to each other and consecutive to defendant's sentence for the underlying felony." *People v Veilleux*, 493 Mich 914; 828 NW2d 328 (2012). Regarding the applicability of MCL 768.7a(1), the Supreme Court explained:

> Contrary to the lower courts' holdings, MCL 768.7a(1) does not specifically authorize the consecutive sentences imposed here. MCL 768.7a(1) applies only to "[a] person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution." When defendant committed the contempts of court at issue here, he was not at the time incarcerated in a penal or reformatory institution and he was not an escapee.

---

[2] The trial court also relied on this Court's decision in *People v Kevin Williams*, unpublished opinion per curiam of the Court of Appeals, issued May 12, 2005 (Docket No. 254628). At issue in *Williams* was whether a trial court could order that multiple contempt sentences run consecutively. *People v Veilleux*, unpublished opinion per curiam of the Court of Appeals, issued March 29, 2012 (Docket No. 302335), p 3 (quotation marks and citation omitted). The Court determined in relevant part that "[t]he clear and unambiguous language of MCL 768.7a(1) requires that each of defendant's sentences for contempt . . . be consecutive 'to terms of imprisonment which the person . . . has become liable to serve." *Id*. (quotation marks and citation omitted). Accordingly, the Court concluded, "each contempt sentence is required to be served consecutively to those prior contempt sentences for which defendant had already become liable to serve." *Id*. (quotation marks and citation omitted). *Williams* was not quite on point, as unlike the defendant in *Veilleux*, the defendant in *Williams* did not contest the trial court's authority to impose the contempt sentences consecutive to the sentence for an underlying crime. *Id*.

In *Veilleux*, our Supreme Court rejected the idea that merely being "liable to serve" a sentence is tantamount to being "incarcerated in a penal or reformatory institution" for purposes of MCL 768.7a(1). The *Veilleux* Court's decision underscores that the purpose of the portion of MCL 768.7a(1) at issue is to deter incarcerated persons from committing crimes while incarcerated by "removing the security of concurrent sentencing," thereby ensuring that they will actually serve additional time for the crimes committed. See *Phillips*, 217 Mich App at 499. That defendant had time remaining on her sentences from 2010 is not, by itself, sufficient to find that defendant was "incarcerated in a penal or reformatory institution" within the meaning of MCL 768.7a(1). Accordingly, the trial court erred by ordering that defendant's current sentences run consecutive to the completion of her sentences from 2010 pursuant to MCL 768.7a(1).

The prosecution argues that defendant should be considered "incarcerated in a penal or reformatory institution" based on the interplay between MCL 768.6, MCL 768.7, and MCL 768.7a(1). MCL 768.6 provides:

> Any person now or hereafter confined in any penal or reformatory institution in this state, and who during the term of such confinement shall commit any crime or offense punishable under the laws of this state by imprisonment in such institution, shall be subject to the same punishment as if the crime had been committed at any other place or by a person not so confined.

And MCL 768.7 provides in relevant part as follows:

> The circuit court for the county in which the prison or institution named in the preceding section is, shall have jurisdiction over cases arising under the foregoing section[.] . . . The provisions of this and the preceding section shall apply to persons who are temporarily outside the limits of the institutions named in such sections, except those prisoners who have received a parole by due process of law and are at liberty under the terms of such parole.

MCL 768.6 applies when a person commits a crime while "confined in any penal or reformatory institution." MCL 768.7 expands the applicability of MCL 768.6 to persons "temporarily outside the limits" of such institutions at the time the person commits a crime. Thus, a person who commits a crime while "temporarily outside the limits" of a penal or reformatory institution may be punished as though the person committed the crime while incarcerated in a penal or reformatory institution. MCL 768.6; MCL 768.7. If a person commits a crime while "incarcerated in a penal or reformatory institution," the person is subject to consecutive sentencing pursuant to MCL 768.7a(1). Based on this interplay between MCL 768.6, MCL 768.7, and MCL 768.7a(1), the prosecution argues that defendant was subject to consecutive sentencing pursuant to MCL 768.7a(1) because she committed the crimes in this case while "temporarily outside the limits" of a penal or reformatory institution.

We find the prosecution's argument unpersuasive. MCL 768.7 does not define "temporarily," nor is a definition provided in the relevant section of the Code of Criminal Procedure, MCL 761.1. Where terms are undefined, a court may consult a dictionary regarding their plain and ordinary meaning. *People v Ackah-Essien*, 311 Mich App 13, 25; 874 NW2d 172

(2015). The dictionary defines the word "temporarily" as "during a limited time." *Merriam-Webster's Collegiate Dictionary* (11th ed), p 1286. Nothing in the record indicates that defendant's erroneous release from prison was for a "limited time" only, after which she would be returning to incarceration. The DOC did not attempt to bring defendant back under its control or notify her that she was out by mistake, or even seem aware that an error had occurred. In other words, nothing in the record suggests that defendant's time at liberty was other than unlimited. If there was no limit on defendant's time at liberty, there is no possible interpretation of MCL 768.7 that would allow for defendant's time outside of a penal or reformatory institution to be considered temporary.

Accordingly, we conclude that the trial court erred by ordering that defendant's current sentences run consecutively to her previous sentences from 2010 pursuant to MCL 768.7a(1), and thus, we remand the case to the trial court to correct the judgment of sentence by striking the provisions making defendant's sentences consecutive. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro