PEOPLE v SHERIDAN

Docket No. 78742. Submitted December 12, 1984, at Lansing.—Decided April 2, 1985.

Thomas A. Sheridan was in the Oakland County Jail awaiting trial on a breaking and entering charge in 1980 when he escaped from the jail. Following his recapture, approximately 2 years later, Sheridan pled guilty to a charge of jailbreak and was sentenced to serve 11 months in the Oakland County Jail for the jailbreak. While serving the 11-month sentence, Sheridan was also being tried on the 1980 breaking and entering charge. On March 27, 1983, Sheridan again escaped from the Oakland County Jail. Upon his recapture this time, Sheridan pled guilty in Oakland Circuit Court to a charge of malicious destruction of a building causing damage over $100 in connection with the second jailbreak and was sentenced to a term of from two to four years' imprisonment, to be served consecutively to the jailbreak sentence he was serving for the first jailbreak, Francis X. O'Brien, J. Defendant appealed. *Held:*

1. The consecutive sentence was validly imposed. The county jail was being utilized as a penal institution for purposes of the jailbreak statute at the time defendant escaped for the second time.

2. Defendant's argument that his being charged initially with jailbreak and with malicious destruction of a building in the course of a break-out violated his double jeopardy rights is without merit. The escape charge was dismissed before trial, and even if it hadn't been, defendant could have been tried on both charges without violating his double jeopardy rights since the offenses do not share common and co-extensive elements.

Affirmed.

References for Points in Headnotes

[1] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 1 *et seq.*
What justifies escape or attempt to escape, or assistance in that regard. 70 ALR2d 1430.

[2] 21 Am Jur 2d, Criminal Law § 552.

[3] 21 Am Jur 2d, Criminal Law § 243 *et seq.*
Conviction or acquittal in federal court as bar to prosecution in state court for state offense based on same facts—modern view. 6 ALR4th 802.

1. CRIMINAL LAW — ESCAPE — COUNTY JAILS.

A county jail, when utilized in the execution of a sentence, may be considered a penal institution for purposes of the jailbreak statute (MCL 768.7a[1]; MSA 28.1030[1][1]).

2. CRIMINAL LAW — CONSECUTIVE SENTENCES — PUBLIC POLICY.

The purpose of the statute authorizing consecutive sentences for the commission of a felony by a person charged with a felony is to deter persons accused of one crime from committing other crimes by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed (MCL 768.7b; MSA 28.1030[2]).

3. CRIMINAL LAW — DOUBLE JEOPARDY.

Claims of "legal" double jeopardy are resolved by ascertaining the intent of the Legislature; where two separate statutes are violated, legal double jeopardy analysis focuses on whether or not each statute requires proof of a fact which the other does not, notwithstanding substantial overlap of proofs offered to establish the crimes.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Joseph N. Horenstein,* for defendant on appeal.

Before: BEASLEY, P.J., and R. B. BURNS and S. C. GARDNER,* JJ.

S. C. GARDNER, J. Defendant was convicted on his plea of guilty to the offense of malicious destruction of a building causing damage over $100, MCL 750.380; MSA 28.612. The offense grew out of defendant's jailbreak from the Oakland County Jail on March 27, 1983.

At the time of the offense and the concurrent escape defendant was in the midst of his trial on a

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

breaking and entering charge, but he was also serving the balance of an 11-month sentence for an earlier escape from the Oakland County Jail committed at the time he was first awaiting trial on the breaking and entering charge.

Defendant on December 21, 1983, was sentenced to a term of from two to four years' imprisonment on the malicious destruction of building charge, the sentence to be consecutive to the earlier 11-month sentence for the jailbreak in late 1980 while he was, in the first instance, awaiting trial on the breaking and entering charge.

On appeal defendant raises two issues.

First, defendant contends that the consecutive sentence imposed for the malicious destruction conviction was invalid.

MCL 768.7a(1); MSA 28.1030(1)(1) provides:

"Sec. 7a. (1) A person who is incarcerated in a *penal or reformatory institution* in this state, or who escapes from that institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state." (Emphasis added.)

One of the questions underlying this issue is whether, for the purposes of the statute just recited, a county jail is a "penal or reformatory institution" within the meaning of the statute.

The people's rapid concession (in Appellee's Brief) that "county jails are not penal institutions" is not readily acceptable by this Court. Granted, a county jail may not be a penal institution per se.

However, logic and case law developed in a different context constrains the opinion that a county jail, when utilized in the execution of a sentence, is a penal institution.

For analogy one might refer to this Court's decision in *People v Mayes,* 95 Mich App 188, 189-190; 290 NW2d 119 (1980), in which the Court approved a consecutive sentence given a defendant who committed an offense while on authorized leave from a halfway house. The Court declared specifically that "a halfway house is a *prison* for the purposes of the escape statute". (Emphasis added.)

In the instant case it is unimportant that the defendant was awaiting trial on other charges when he escaped on the second occasion. The important fact is that the offense which he now raises into question was committed while he was confined under sentence for the first jailbreak, and for the purposes of that earlier sentence the jail was utilized as a penal institution.

When one considers the legislative purpose of the statute any argument that a county jail is not a penal institution fades in the face of logic. In *People v Mayes,* 78 Mich App 618; 261 NW2d 22 (1977), this Court had occasion to consider the second part of the consecutive sentence statute, MCL 768.7b; MSA 28.1030(2),[1] which authorizes consecutive sentences for persons who commit subsequent felonies while felony charges are pending. Quoting from its earlier opinion in *People v Bon-*

---

[1] MCL 768.7b; MSA 28.1030(2) provides: "When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere for the subsequent offense, the following shall apply:

"(a) The sentences imposed for conviction of the prior charged offense and a subsequent offense, other than a major controlled substance offense, may run consecutively."

*ner,* 49 Mich App 153, 158; 211 NW2d 542 (1973), the Court said:

" 'The purpose of the statute is to deter persons accused of one crime from committing others by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed. Such a purpose is laudable, rational and the statute reasonably tends to achieve that purpose.' " 78 Mich App 621.

Should this Court find a different legislative purpose merely because a consecutive sentence is imposed under the mandatory section of the statute, MCL 768.7a; MSA 28.1030(1)? Certainly it should not and does not. It would have made no sense for the Legislature to have intended to draw such a line of distinction between penitentiaries and jails, particularly in cases where, as in the instant case, a jail is being used as a place of confinement on a felony sentence. This use itself was specifically authorized by the Legislature. MCL 769.28; MSA 28.1097(1); *People v Shirley Johnson,* 74 Mich App 652, 654; 255 NW2d 4 (1977).

As stated already, the people have acknowledged that "county jails are not penal institutions" but submit that they are "reformatory institutions". No effort is made by the people to define the latter, however. We see no necessity for drawing a distinction since, in either case, the consecutive sentence was validly imposed.

The second claim raised by defendant, that his being charged initially with jailbreak and with malicious destruction of a building in the course of the break-out violated his right to be free from double jeopardy, should not require lengthy discussion.

In the first place, the question itself is rendered moot by the dismissal, before trial, of the escape charge. Moreover, as the people argue, defendant could have been convicted of both the escape charge and the destruction charge without violating the double jeopardy principle since the offenses do not share common and co-extensive elements. See *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), and *People v Seabrooks,* 135 Mich App 442; 354 NW2d 374 (1984).

In *Seabrooks,* pp 446-447, this Court, relying on *Blockburger, supra,* and other cases, said:

"Where, as in this case, two separate statutes are violated, legal double jeopardy analysis focuses on whether or not each statute requires proof of a fact which the other does not, notwithstanding substantial overlap of proofs offered to establish the crimes. * * * In other words, does each of the offenses require proof of an additional or different element?" (Citations and footnote omitted.)

The Court went on to discuss "factual" double jeopardy under the Michigan Constitution, declaring that this kind of double jeopardy exists, "if, despite the violation of two separate and distinct statutes, the Legislature nevertheless intended that only a single conviction result".

Recognizing that this discussion is both academic and gratuitous in view of the fact that defendant was neither convicted nor prosecuted on the escape charge, the court finds nevertheless that the double jeopardy argument is without merit.

Defendant's conviction and sentence are affirmed without modification.