PEOPLE v McKEE

PEOPLE v ALEXANDER-EL

Docket Nos. 98243, 100056. Submitted January 29, 1988, at Lansing. Decided March 9, 1988.

James McKee, already serving a prison term of three years and four months to five years for unlawfully driving away an automobile and yet to serve a consecutive twelve-month term for assaulting a prison guard, was convicted of escape from prison, Jackson Circuit Court, Russell E. Noble, J. The trial court imposed a sentence of two to five years' imprisonment, to be served consecutively only with the term for the UDAA conviction. McKee appealed.

Andre Alexander-El, already serving a prison term of two years for possession of a firearm during the commission of a felony and yet to serve a consecutive term of 7½ to 15 years for armed robbery, was convicted of assaulting a prison guard, Jackson Circuit Court, Russell E. Noble, J. The trial court imposed a sentence of five to fifteen years' imprisonment, to be served consecutively only with the term for the felony-firearm conviction. Alexander-El appealed.

The Court of Appeals consolidated the appeals and *held:*

Under the consecutive sentencing statute, a sentence of imprisonment imposed on a prison or reformatory inmate for escape from a penal institution or for a crime committed during a period of incarceration must be served consecutive to any sentence the inmate is serving or has become liable to serve. In both these cases, the trial court erred in its application of the consecutive sentencing statute, and defendants are entitled to be resentenced.

Remanded for resentencing.

REFERENCES

Am Jur 2d, Escape, Prison Breaking, and Rescue § 20.

Excessiveness of sentence, under 18 USCS sec. 751(a), for escape from federal custody. 77 ALR Fed 318.

See also the annotations in the Index to Annotations under Concurrent or Consecutive Sentences; Escape or Flight.

CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — PRISONS
AND PRISONERS.

 A sentence of imprisonment imposed on a prison or reformatory
 inmate for escape from a penal institution or for a crime
 committed during a period of incarceration must be served
 consecutive to any sentence the inmate is serving or has
 become liable to serve (MCL 768.7a; MSA 28.1030[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Timothy G. Holland,* for defendants.

Before: DANHOF, C.J., and MACKENZIE and P. R. JOSLYN,* JJ.

PER CURIAM. This is a consolidation of two cases, in which defendant McKee and defendant Alexander-El raise the same issue with respect to their sentences. Defendants' untimely claims of appeal were treated by this Court as applications for delayed appeal and were granted. Defendants argue that the sentencing judge based the length of their sentences on an erroneous belief as to how the Department of Corrections calculates the time served under consecutive sentences. Defendants request that this Court modify their sentences to comply with what the trial court intended. The prosecutor acknowledges that error occurred, but requests that these cases be remanded for resentencing. We agree that the trial court erred, but hold that the appropriate relief is remand for resentencing.

Defendant McKee was serving a three-year and four-month to five-year sentence for unlawfully driving away an automobile (UDAA) when he was

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

convicted of assaulting a prison guard. McKee's twelve-month sentence for assaulting a prison guard was ordered to run consecutively to his UDAA sentence. Consecutive sentences are required under MCL 768.7a; MSA 28.1030(1) when an incarcerated person commits a crime during incarceration. While he was still serving the UDAA sentence, McKee escaped from prison and then pled guilty to that offense. The court acknowledged that the escape sentence had to be consecutive, but believed that it would be consecutive only to the sentence McKee was serving at that time for UDAA. Therefore, the court sentenced McKee to two to five years in prison for escape, stating its intent "to have him do something beyond the assaulting sentence [that] would be served at the same time."

Defendant Alexander-El was convicted of armed robbery and possession of a firearm during the commission of a felony. In accordance with MCL 750.227b(2); MSA 28.424(2)(2), the 7½ to 15-year sentence for armed robbery was ordered to begin after completion of the mandatory two-year sentence for felony-firearm. However, while Alexander-El was still serving the two-year sentence, he was convicted of assault upon a prison guard. Again, the court acknowledged that the assault sentence had to be consecutive, but believed that it would be consecutive only to the sentence Alexander-El was serving at that time for felony-firearm. After some discussion about the consecutive sentences, the court sentenced Alexander-El to 5 to 15 years for the assault conviction based on his status as a fourth-felony offender, to run consecutively to the two-year felony-firearm sentence.

The trial court erred in applying the consecutive sentencing statute. MCL 768.7a; MSA 28.1030(1) provides:

> A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from that institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

In the present case, the court believed with respect to both defendants that the sentence it was ordering should be consecutive only to the sentences defendants were serving at that time. However, the above statute clearly provides for a sentence consecutive to that which defendant is serving or has become liable to serve. Both defendants in the present case were liable to serve a sentence in addition to the sentence they were currently serving. Therefore, in defendant McKee's case, the two to five-year sentence for prison escape must run consecutively to both the UDAA sentence and the assault sentence. Likewise, in defendant Alexander-El's case, the five to fifteen-year sentence for assault must run consecutively to both the felony-firearm sentence and the armed robbery sentence.

Defendants argue at length that the Department of Corrections has the authority to calculate a release date based on its interpretation of the consecutive sentencing statute. However, the Department of Corrections is apparently applying the consecutive sentencing statute properly. Since this is not a case where the Department of Corrections' interpretation conflicts with the court's proper interpretation, we will not address defendants'

argument. Since the trial court erred in its application of the consecutive sentencing statute, defendants are entitled to be resentenced.

Remanded for resentencing.