PEOPLE v ALEXANDER-EL

Docket No. 113965. Submitted November 7, 1989, at Lansing. Decided December 19, 1989.

Andre Alexander-El, while serving a prison term of two years for possession of a firearm during the commission of a felony and yet to serve a consecutive term of 7½ to 15 years for armed robbery, was convicted of assaulting a prison guard, Jackson Circuit Court, Russell E. Noble, J. The trial court sentenced defendant as an habitual offender, fourth offense, to a five to fifteen year prison term to be served consecutively only with the felony-firearm conviction. On appeal, the Court of Appeals remanded for a resentencing, holding that a sentence of imprisonment imposed on a prison or reformatory inmate for escape from a penal institution or for a crime committed during a period of incarceration must, under MCL 768.7a; MSA 28.1030(1), be served consecutively with any sentence the inmate is serving or has become liable to serve. 167 Mich App 258 (1988). At resentencing, the trial court imposed a 3½ to 15 year sentence to be served consecutively with defendant's sentences for felony-firearm and armed robbery. Defendant appealed.

The Court of Appeals *held:*

1. The sentence imposed at resentencing is not so excessive as to shock the conscience of the Court of Appeals when defendant's extensive criminal history and poor prison record are considered.

2. The trial court sufficiently articulated its reasons for the sentence imposed at resentencing when it stated that the reasons articulated at the original sentencing were still appropriate.

Affirmed.

CRIMINAL LAW — SENTENCING — RESENTENCING — ARTICULATION OF REASONS FOR SENTENCE.

A court, at a resentencing ordered on appeal, sufficiently articu-

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 538.

See the Index to Annotations under Sentence and Punishment.

lates its reasons for the sentence imposed when it states that the reasons articulated at the original sentencing are still appropriate.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Lannen & Trusock* (by *Mark A. Trusock*), for defendant.

Before: WEAVER, P.J., and BRENNAN and NEFF, JJ.

PER CURIAM. Defendant appeals as of right, challenging the 3½ to 15 year prison term imposed at resentencing[1] for his plea-based convictions of assaulting a prison employee, MCL 750.197c; MSA 28.394(3), and fourth-felony offender, MCL 769.12; MSA 28.1084. We affirm.

Considering defendant's extensive criminal history and poor prison record, the length of his sentence is not so excessive as to shock the conscience of this Court. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). Moreover, although the trial court did not give specific reasons for the sentence imposed at resentencing, it stated that the reasons articulated at the original sentencing were still appropriate. By referring to those reasons, the court satisfied the purposes of the *Coles* articulation requirement, i.e., to facilitate appellate review and give the defendant the opportunity to correct or explain any factual inaccuracies. *Id.,* pp 549-550. We hold that defendant is not entitled to resentencing.

Affirmed.

---

[1] In a previously published opinion, this Court ordered resentencing because the trial court had misapplied the consecutive sentencing statute, MCL 768.7a; MSA 28.1030(1). *People v Alexander-El,* 167 Mich App 258; 421 NW2d 655 (1988).