PEOPLE v WEATHERFORD

Docket No. 123418. Submitted December 11, 1991, at Grand Rapids. Decided February 18, 1992, at 9:20 A.M. Leave to appeal sought.

Michael R. Weatherford, a prison inmate, was convicted by a jury in the Muskegon Circuit Court of the misdemeanor of aggravated assault, stemming from his stabbing of a fellow inmate. The trial court, Michael E. Kobza, J., sentenced the defendant to a term of one year's imprisonment to be served in prison after the expiration of the sentence he was then serving. The defendant appealed.

The Court of Appeals held:

1. Despite the language of MCL 769.28; MSA 28.1097(1) that provides that one-year misdemeanors are to be served in a county jail rather than a state prison, it is clear from the language of the aggravated assault statute and the statute providing consecutive sentences for crimes committed by inmates that the Legislature intended that a one-year sentence for aggravated assault by an inmate in a state prison be served in the prison rather than a county jail and be served consecutively to the sentence then being served.

2. The defendant's issue concerning the trial court's response to a question by the jury was not preserved for appellate review.

3. The defendant failed to demonstrate that the trial court abused its discretion in any respect relative to the conducting of the trial.

Affirmed.

REILLY, J., concurring in part and dissenting in part, stated that the consecutive sentence should be served in the county jail.

CRIMINAL LAW — SENTENCES — PRISONERS — MISDEMEANORS — CONSECUTIVE SENTENCES.

A prisoner who, while incarcerated in a state penal or reforma-

REFERENCES

Am Jur 2d, Criminal Law §§ 29, 552-554, 607, 620.

See the Index to Annotations under Concurrent and Consecutive Sentence; Prisons and Prisoners; Sentence and Punishment.

tory institution, commits a misdemeanor punishable by imprisonment in a county jail or state prison for one year or less may be ordered to serve any resulting sentence consecutively to any sentence then being served and must serve that sentence in the custody of the Department of Corrections rather than in a county jail (MCL 768.7a; MSA 28.1020[10]).

*Dan J. Dowdell,* for the defendant.

Before: DANHOF, C.J., and MURPHY and REILLY, JJ.

DANHOF, C.J. Defendant, an inmate, was originally charged with assault with intent to murder, MCL 750.83; MSA 28.278, but was ultimately convicted by a jury of the lesser misdemeanor offense of aggravated assault, MCL 750.81a; MSA 28.276(1).[1] His conviction stemmed from the stabbing of a fellow inmate. He was sentenced to a one-year term in prison to run consecutively to the sentence he was serving at the time the assault occurred. Defendant appeals the conviction and sentence as of right, and we affirm.

We first consider defendant's assigning of error to the trial court's ordering him to serve the sentence in the custody of the Department of Corrections rather than the county jail. In this case, defendant was convicted under MCL 750.81a; MSA 28.276(1), which provides:

> Any person who shall assault another without any weapon and inflict serious or aggravated injury upon the person of another without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a misdemeanor,

[1] Defendant was also originally charged as an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, but he was never tried for this status offense because the jury found him guilty of a misdemeanor.

punishable by imprisonment in the county jail or the state prison for a period of not more than one year, or fine of $500.00, or both.

In support of his claim that he should have been ordered to serve the one-year sentence in the county jail, defendant cites MCL 769.28; MSA 28.1097(1), which provides in pertinent part:

Notwithstanding any provision of law to the contrary, in case of the commitment or sentence of a person convicted of a crime or contempt of court to imprisonment for a maximum of 1 year or less, the commitment or sentence shall be made to the county jail of the county in which the person was convicted, and not to a state penal institution.

Michigan courts consistently have interpreted this statute to require that crimes for which the punishment is one year or less be punished by imprisonment in the county jail and not in the state prison system. *Kent Co Prosecutor v Kent Co Sheriff,* 425 Mich 718, 730, n 10; 391 NW2d 341 (1986); *Recorder's Court of Detroit v Detroit,* 134 Mich App 239, 241; 351 NW2d 289 (1984); *People v Blythe,* 417 Mich 430, 437; 339 NW2d 399 (1983); *People v Harper,* 83 Mich App 390, 397; 269 NW2d 470 (1978); *People v Biniecki,* 35 Mich App 335; 192 NW2d 638 (1971).

At the time the stabbing occurred in this case, defendant was already serving a sentence in a state prison for his convictions of assault with intent to murder and possession of a firearm during commission of a felony, MCL 750.227b; MSA 28.424(2). By operation of the consecutive sentencing statute, MCL 768.7a(1); MSA 28.1030(1)(1), the sentence imposed was made to run consecutively to that already being served. MCL 768.7a(1); MSA 28.1030(1)(1) provides:

A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction of that crime, be sentenced as provided by law. The term of imprisonment imposed for the crime shall begin to run at the expiration of the term or terms of imprisonment which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

We are aware of no case analyzing the effect, if any, of the consecutive sentencing statute upon MCL 769.28; MSA 28.1097(1).[2] The issue whether the Legislature intended that MCL 769.28; MSA 28.1097(1) operate to require that inmates convicted of crimes while incarcerated be subsequently committed to the county jail to serve sentences of one year or less after completing their original prison term(s) is one of first impression.

The purpose of the consecutive sentencing statute is to deter persons convicted of one crime from committing other crimes by removing the security of concurrent sentencing. The statute should be construed liberally in order to achieve the deterrent effect intended by the Legislature. *People v Smith,* 423 Mich 427, 442; 378 NW2d 384 (1985); *People v Kirkland,* 172 Mich App 735, 737; 432 NW2d 422 (1988). In view of the purpose of the statute, the legislative intent would be abrogated by allowing inmates to be taken out of the prison setting where their subsequent crimes were com-

---

[2] Although a somewhat analogous factual situation was presented in *People v McKee,* 167 Mich App 258, 259-260; 421 NW2d 655 (1988), the ramifications of MCL 769.28; MSA 28.1097(1) were not addressed in that opinion. Also, the defendant in *McKee* appears to have been convicted of assault of a prison employee, MCL 750.197c; MSA 28.394(3), which is a felony.

mitted and moved to the local county jail to complete the consecutive sentence. To construe the consecutive sentencing statute in this way would be to thrust the responsibility for punishing internal prison crimes onto the local county, an authority far less equipped to handle that responsibility than the prison authority. Because statutes are to be construed so as to avoid absurd or unreasonable consequences, *People v Payne,* 180 Mich App 283, 286; 446 NW2d 629 (1989), we reject this latter construction.

Therefore, today we hold that prisoners who commit crimes while incarcerated as defined in the consecutive sentencing statute must serve any resulting consecutive sentence in the custody of the Department of Corrections, not the county jail, notwithstanding the provisions of MCL 769.28; MSA 28.1097(1).

Defendant also claims that the trial court's imposition of a consecutive sentence in this case was improper because he was convicted of a misdemeanor rather than a felony.[3] Defendant appears to be basing his argument, at least in part, on case law holding that consecutive sentencing is not permitted for the commission of a misdemeanor while a felony charge is pending. This authority is unpersuasive because at the time of this assault defendant did not have a felony charge pending against him and because it is based on MCL 768.7b; MSA 28.1030(2) before its amendment by 1988 PA 31, which substantially rewrote the statute.

---

[3] Defendant raises in propria persona this claim in a supplemental brief. Because this issue was not raised in the original brief prepared on his behalf by appellate counsel, defendant's brief violates MCR 7.212(F), *Check Reporting Services, Inc v Michigan National Bank-Lansing,* 191 Mich App 614, 628; 478 NW2d 893 (1991). However, we choose to review the issue in this case. MCR 7.216(A)(3), (7); *People v McKendrick,* 188 Mich App 128, 146; 468 NW2d 903 (1991).

Defendant also makes the argument that the imposition of a consecutive sentence for a misdemeanor conviction was error, given the language of MCL 768.6; MSA 28.1029, which provides:

> Any person now or hereafter confined in any penal or reformatory institution in this state, and who during the term of such confinement shall *commit any crime or offense punishable under the laws of this state by imprisonment in such institution,* shall be subject to the same punishment as if the crime had been committed any other place or by a person not so confined. [Emphasis added.]

The emphasized language is nearly identical to language found in MCL 768.7a(1); MSA 28.1030(1)(1), quoted above. As we understand defendant's argument, he urges us to hold that a consecutive sentence may not be imposed for a misdemeanor conviction because a misdemeanor is not punishable by imprisonment in a penal or reformatory institution, as required by the statute, but is only punishable by imprisonment in a county jail under MCL 769.28; MSA 28.1097(1). This argument is different from the first issue addressed in this case in that defendant is not challenging the situs of his confinement while serving the consecutive sentence, but rather the imposition of a consecutive sentence.

This Court has previously held that a county jail is a "penal or reformatory institution" for purposes of § 7a. *People v Sheridan,* 141 Mich App 770; 367 NW2d 450 (1985). The *Sheridan* Court reasoned that the fact of the defendant's incarceration was of greater import than was the specific type of institution in which the incarceration occurred, given the legislative purpose in enacting the statute. *Id.,* 773-774. Although the escape aspect of § 7a was under consideration in *Sheridan,*

we see no logic in giving a different construction to the words "penal or reformatory institution" the second time they are used in the same sentence of that statute.

Therefore, because defendant committed a crime punishable by imprisonment in a county jail while incarcerated in a prison in this state, a consecutive sentence was properly imposed under § 7a.

Defendant also claims that the trial court became an advocate for the prosecution in the manner in which it responded to a jury question concerning verdict choices. However, because defendant did not object to the trial court's response below, appellate review is precluded absent manifest injustice. *People v Sharbnow,* 174 Mich App 94, 99; 435 NW2d 772 (1989). We have reviewed the trial court's comments and find that they were not of such a nature as to influence unduly the jury. Therefore, no manifest injustice will occur through our declining to review the issue.

Defendant also contends that the prosecutor improperly questioned him concerning whether he knew it was against prison rules for a prisoner to possess a weapon. The defense thereafter unsuccessfully moved for a mistrial. In view of the other evidence adduced at trial regarding this issue by both the defense and the prosecution, we find that the question did not deny defendant a fair trial. Therefore, the trial court did not abuse its discretion in denying defendant's motion for a mistrial. *People v Manning,* 434 Mich 1, 7; 450 NW2d 534 (1990).

Defendant also claims that the trial court abused its discretion in allowing the prosecution to question a witness on redirect examination concerning whether he found other weapons at the crime scene, arguing that that question exceeded the scope of cross-examination. We disagree, not-

ing that the defense asked this witness for his observations of the crime scene on cross-examination.

We next address defendant's claim that the trial court improperly refused to allow a defense witness to testify concerning statements he heard the victim make. Defendant argues that this testimony was not hearsay, but was to be used only to impeach the victim's testimony. However, defense counsel did not lay a proper foundation for the admission of impeachment testimony under MRE 613. In cross-examining the victim, defense counsel asked if the victim had ever told the defense witness that he was "going to get" defendant. However, in attempting to impeach the victim's denial, counsel called the defense witness in question and asked him if he had overheard a conversation between the victim and a third party. We find no abuse of discretion. *People v Barnett,* 165 Mich App 311, 315-316; 418 NW2d 445 (1987).

Defendant contends that he was deprived of the effective assistance of counsel because the trial court improperly admitted evidence of statements made to a hearing officer during a prison disciplinary hearing.[4] We disagree with both prongs of this claim. No abuse of discretion occurred in the trial court's ruling that the statements in question were admissible for impeachment purposes. *People v Thomason,* 173 Mich App 812, 817; 434 NW2d 456 (1988). We note that defense counsel did object to the admission of the statements, albeit unsuccessfully. Given the propriety of the trial court's ruling and the fact that counsel in fact objected to the admission of the evidence, we can find no deficiency in counsel's performance or prejudice to defendant. Therefore, defendant's claim is unper-

[4] See footnote 3.

suasive. *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991).

Affirmed.

REILLY, J. *(concurring in part and dissenting in part).* I concur that the claimed errors in the trial proceedings have no merit, and I would affirm the conviction.

However, I am persuaded that MCL 769.28; MSA 28.1097(1) is controlling, and the facts presented here do not provide a basis for carving an exception to the statutory mandate. I would hold that after completing his prison term, defendant must serve his consecutive sentence in the county jail.