**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 26, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

No. 119127

DALE ROY STAUFFER,

    Defendant-Appellant.

_____

MEMORANDUM OPINION

The defendant pleaded guilty of criminal sexual conduct in the fourth degree.[1] After consulting the statutory sentencing guidelines,[2] the circuit court sentenced him to a prison term of seventeen to twenty-four months.

The defendant filed a motion for resentencing, which the circuit court granted. At the resentencing, the court reduced

---

[1] MCL 750.520e(1)(b) (using "force or coercion").

[2] MCL 777.1 et seq. The guidelines apply to offenses committed on or after January 1, 1999. MCL 769.34(2).

the minimum sentence from seventeen months to sixteen months.[3]
The court also elaborated on its decision to sentence the
defendant to prison, providing substantial and compelling
reasons for doing so.

The defendant filed an application for leave to appeal,
which the Court of Appeals denied.[4]  The defendant now has
applied to this Court for leave to appeal.

In lieu of granting leave to appeal, we affirm the
judgment of the circuit court.  We offer this memorandum
opinion in order to highlight an aspect of the guidelines that
was the subject of attention by the circuit court.

As the guidelines were scored in this case, the high end
of the range for the minimum sentence was seventeen months.[5]
The circuit court duly imposed a minimum prison sentence of
seventeen months (later reduced to sixteen months).  At first
analysis, this sentence, which did not exceed the upper limit
of the guidelines range, would appear not to be a departure
and, thus, would appear not to require the articulation of a

---

[3] The seventeen-month minimum was reduced to sixteen
months to comply with the rule of *People v Tanner*, 387 Mich
683; 199 NW2d 202 (1972), which the Legislature has embraced
in MCL 769.34(2)(b).

[4] Unpublished order, entered April 18, 2001 (Docket No.
233082).

[5] Fourth-degree criminal sexual conduct is a "Class G"
offense under MCL 777.16y, and the range for the minimum
sentence is found in MCL 777.68.

2

substantial and compelling reason.[6]

However, the statutory guidelines have a number of characteristics not present in the earlier judicial guidelines. One is the rule stated in MCL 769.34(4)(a):

> If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines set forth in [MCL 777.1 *et seq.*] is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections. An intermediate sanction may include a jail term that does not exceed the upper limit of the recommended minimum sentence range or 12 months, whichever is less.

An "intermediate sanction" can mean a number of things, but it does not include a prison sentence.[7] Thus MCL

---

[6] MCL 769.34(3) provides that "[a] court may depart from the appropriate sentence range established under the sentencing guidelines set forth in [MCL 777.1 *et seq.*] if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure."

[7] From MCL 777.1(d) and 769.31(c), one learns:

> "Intermediate sanction" means probation or any sanction, other than imprisonment in a state prison or state reformatory, that may lawfully be imposed. Intermediate sanction includes, but is not limited to, 1 or more of the following:
>
> (i) Inpatient or outpatient drug treatment.
>
> (ii) Probation with any probation conditions required or authorized by law.
>
> (iii) Residential probation.
>
> (iv) Probation with jail.
>
> (v) Probation with special alternative incarceration.

769.34(4)(a) required the circuit court here to set forth a substantial and compelling reason for imposing a prison sentence, even though its minimum length (sixteen or seventeen months) did not exceed the upper end of the range established by the guidelines. Because in this case the circuit court did set forth substantial and compelling reasons for imposing a prison sentence, we affirm its decision.

As indicated, we highlight this requirement of the guidelines, since it may be unfamiliar or confusing to some courts or practitioners.[8] With that clarification, we affirm

---

    (vi) Mental health treatment.

    (vii) Mental health or substance abuse counseling.

    (viii) Jail.

    (ix) Jail with work or school release.

    (x) Jail, with or without authorization for day parole under 1962 PA 60, MCL 801.251 to 801.258.

    (xi) Participation in a community corrections program.

    (xii) Community service.

    (xiii) Payment of a fine.

    (xiv) House arrest.

    (xv) Electronic monitoring.

[8] When this matter was addressed in circuit court, the phrase "straddle cell" was mentioned. That term, common in discussion of the statutory guidelines, is not found in the statute. The phrase refers to the situation arising under MCL 769.34(4)(d):

4

the judgment of the circuit court.[9]  MCR 7.302(F)(1).

**CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.**

---

If the upper limit of the recommended minimum sentence exceeds 18 months and the lower limit of the recommended minimum sentence is 12 months or less, the court shall sentence the offender as follows absent a departure:

(i) To imprisonment with a minimum term within that range.

(ii) To an intermediate sanction that may include a term of imprisonment of not more than 12 months.

The phrase "straddle cell" would not properly describe the instant circumstance.

[9] Upon review, we are not persuaded that relief should be granted defendant on the issues raised on appeal.