Neff, P.J.
 

 Defendant appeals by delayed leave granted a judgment of sentence imposing a consecutive sentence of one to twenty years’ imprisonment, following his plea-based conviction of possession with intent to deliver less than fifty grams of heroin, MCL 333.7401(2)(a)(iv). We affirm.
 

 i
 

 In 1998, defendant was sentenced to two years’ probation following a felony conviction. While on probation, defendant committed the offense in the present case. He was then found guilty of violating his probation in the previous case. His probation was revoked, and he was sentenced to nine months in the county jail.
 

 Defendant subsequently pleaded guilty of the offense in this case and was convicted of possession with intent to deliver less than fifty grams of heroin, MCL 333.7401(2)(a)(iv). The court sentenced defendant as a fourth-felony offender, MCL 769.12, to one to twenty years’ imprisonment, to be served consecutively to the jail sentence already being served. Defendant contends that the trial court erred in imposing a consecutive sentence.
 

 
 *529
 
 n
 

 This case presents an issue of first impression concerning the consecutive sentencing provision of the controlled substances act: whether the statutory requirement under MCL 333.7401(3), that a term of imprisonment pursuant to MCL 333.7401(2)(a) be imposed to run consecutively to “any term of imprisonment imposed for the commission of another felony,” applies to a defendant serving a jail sentence for another felony. We hold that the phrase “term of imprisonment” includes a jail sentence.
 

 The construction of subsection 7401(3) and whether it authorizes consecutive sentencing in a particular case are questions of law, reviewed de novo on appeal.
 
 People v Denio,
 
 454 Mich 691, 698; 564 NW2d 13 (1997);
 
 People v Lee,
 
 233 Mich App 403, 405; 592 NW2d 779 (1999).
 

 in
 

 A consecutive sentence may be imposed only if specifically authorized by law.
 
 Id.
 
 MCL 333.7401(3) authorizes, and, in fact, mandates consecutive sentences in certain circumstances involving controlled substance offenses.
 
 People v Morris,
 
 450 Mich 316, 326; 537 NW2d 842 (1995). Subsection 7401(3) provides, in relevant part:
 

 A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ü), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony.
 

 Defendant argues that the imposition of a consecutive sentence was a violation of his due process rights
 
 *530
 
 because his prior jail sentence was not “a term of imprisonment for another felony” within the meaning of MCL 333.7401(3). The prosecutor responds that the consecutive sentence was proper because the phrase “term of imprisonment” includes jail sentences.
 

 A
 

 The purpose of statutory construction is to give effect to the intent of the Legislature.
 
 Denio, supra
 
 at 699;
 
 Morris, supra
 
 at 326. If a statute is clear, it must be enforced as plainly written.
 
 Denio, supra
 
 at 699. However, if a statute is susceptible to more than one interpretation, judicial construction is proper to determine legislative intent.
 
 Id.
 

 Statutory language should be construed reasonably, keeping in mind the purpose of the act.
 
 Morris, supra
 
 at 326;
 
 People v Seeburger, 225
 
 Mich App 385, 391; 571 NW2d 724 (1997). When terms are not expressly defined by statute, a court may consult dictionary definitions.
 
 Denio, supra
 
 at 699. Words should be given their common, generally accepted meaning, if consistent with the legislative aim in enacting the statute.
 
 Id.; Morris, supra
 
 at 326.
 

 B
 

 We agree that the language of subsection 7401(3) is susceptible to differing interpretations. If reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate.
 
 People v Warren,
 
 462 Mich 415, 427; 615 NW2d 691 (2000);
 
 Denio, supra
 
 at 701-702. We therefore rely on rules of statutory interpretation to determine the intent of the Legislature. See
 
 id.
 
 at 699-700, 703-704.
 

 
 *531
 
 The purpose of subsection 7401(3) is to deter commission of the enumerated drug offenses.
 
 Denio, supra
 
 at 703. Given the penal nature of the statute, it must be construed according to the fair import of the terms, to promote justice and the purpose of the law.
 
 Id.
 
 at 699-700;
 
 Morris, supra
 
 at 327. As a provision of the Public Health Code, subsection 7401(3) must be liberally construed to protect the health, safety, and welfare of Michigan citizens. MCL 333.1111(2);
 
 Denio, supra
 
 at 699. Further, a consecutive sentencing statute is to be liberally construed to achieve its deterrent effect. Cf.
 
 People v Phillips,
 
 217 Mich App 489, 499-500; 552 NW2d 487 (1996), and
 
 People v Kirkland,
 
 172 Mich App 735, 737; 432 NW2d 422 (1988) (construing the consecutive sentencing provisions of MCL 768.7a). Interpreting subsection 7401(3) to impose a consecutive sentence following a term of imprisonment in either jail or prison is in keeping with a liberal construction to deter controlled substance crimes for the protection of the public health, safety, and welfare.
 
 Denio, supra
 
 at 703.
 

 Defendant argues that “imprisonment” as used in subsection 7401(3) means confinement in a state prison; otherwise the Legislature would not have limited consecutive sentencing to another
 
 felony,
 
 which by definition is an offense punishable by imprisonment in state prison. The term “imprisonment” has no special meaning in the law. It has been defined as “[t]he act of confining a person, esp. in a prison” and as “[t]he state of being confined; a period of confinement.” Black’s Law Dictionary (7th ed). The common meaning of “imprisonment” supports a conclusion that the phrase “term of imprisonment” includes a sentence of jail incarceration.
 

 
 *532
 
 Construing the term imprisonment as meaning “confinement” is consistent with the manner in which the term is used in other statutory contexts. For example, a felony is a crime punishable by death or imprisonment in the state prison, MCL 750.7 and MCL 750.503, and a misdemeanor is a crime that may be punishable by imprisonment. MCL 750.504. If no fixed term is set by statute, the applicable punishment may be “imprisonment in the county jail for not more than ninety [90] days.”
 
 Id.
 
 Similarly, a person “sentenced to imprisonment for a maximum of 1 year or less” must be confined in the county jail “and not to a state penal institution.” MCL 769.28. Numerous statutes refer to imprisonment in the county jail. See, e.g., MCL 35.403, 66.8, 430.55, 750.220, 801.2. An interpretation restricting the term “imprisonment” to confinement in the state prison is contrary to the use of the term in other statutes and the generally accepted meaning.
 

 Nothing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself.
 
 In re Juvenile Commitment Costs,
 
 240 Mich App 420, 427; 613 NW2d 348 (2000). Had the Legislature intended MCL 333.7401(3) to apply only to a term of imprisonment being served in a state prison, it would have included such restrictive language in the statute.
 
 Phillips, supra
 
 at 500. To the contrary, the statute refers to “any term of imprisonment.” The word “any” generally means “one or more without specification or identification.”
 
 Random House Webster’s College Dictionary
 
 (1997).
 

 This Court has previously held “that a county jail, when utilized in the execution of a sentence, is a penal institution” for purposes of the consecutive sen
 
 *533
 
 tencing provision of MCL 768.7a(1).
 
 People v Sheridan,
 
 141 Mich App 770, 773; 367 NW2d 450 (1985);
 
 People v Mayes,
 
 95 Mich App 188, 189-190; 290 NW2d 119 (1980) (a halfway house is a penal institution for purposes of the consecutive sentencing provision, MCL 768.7a); see also
 
 People v Dukes,
 
 198 Mich App 569, 571; 499 NW2d 389 (1993). The
 
 Sheridan
 
 Court observed that the Legislature could not have intended to distinguish between penitentiaries and jails, particularly when a jail is being used as a place of confinement for a felony sentence.
 
 Sheridan, supra
 
 at 774. “When one considers the legislative purpose of the statute any argument that a county jail is not a penal institution fades in the face of logic.”
 
 Id.
 
 at 773. We reject defendant’s argument that a jail sentence is not a term of imprisonment for purposes of the consecutive sentencing provision of subsection 7401(3).
 

 Affirmed.