**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Clifford W. Taylor      Michael F. Cavanagh
                        Elizabeth A. Weaver
                        Marilyn Kelly
                        Maura D. Corrigan
                        Robert P. Young, Jr.
                        Stephen J. Markman

FILED JUNE 18, 2008

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellant,

v                                                    No. 136101

THEODORE MUTTSCHELER,

     Defendant-Appellee.

---

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,

v                                                    No. 136199

THEODORE MUTTSCHELER,

     Defendant-Appellant.

---

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

In this case, we are called on to interpret the intermediate-sanction sentencing statute, MCL 769.34(4)(a), and decide whether a defendant whose recommended minimum sentence range requires the imposition of an intermediate sanction may be sentenced to serve time in prison, rather than jail. The Court of

Appeals held that, absent a departure supported by substantial and compelling reasons, a trial court may not impose an indeterminate prison sentence on a defendant for whom the sentencing guidelines require an intermediate sanction because an "intermediate sanction does not include a prison sentence." *People v Muttscheler (On Reconsideration)*, unpublished opinion per curiam of the Court of Appeals, issued March 25, 2008 (Docket No. 275411), p 2. In lieu of granting either the prosecution's or defendant's application for leave to appeal, we affirm that judgment.

While defendant was incarcerated in prison, guards found a crude weapon in his cell during a routine search. Defendant pleaded guilty of attempted possession of a weapon by a prisoner, in exchange for the prosecution's dismissal of an habitual-offender notice and the imposition of a sentence within the applicable sentencing guidelines range. Under the guidelines, defendant's recommended minimum sentence range was 5 to 17 months. The trial court sentenced him to 12 to 30 months in prison, to be served consecutively to the sentences he was already serving.[1] Defendant then moved to withdraw his plea,

---

[1] Because defendant was incarcerated when he committed the offense, MCL 768.7a(1) requires a consecutive sentence. Specifically, the relevant part of the statute provides:

> A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from such an institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction of that crime, be sentenced as provided by law. The term of imprisonment imposed for the crime

(continued…)

but the trial court denied his motion.  On leave granted, the Court of Appeals reversed in a split decision.  The Court held that defendant was entitled to an intermediate sanction, which would at most be a *jail* term of no more than 12 months.  *Id*.  It remanded the case for resentencing within the guidelines, in accordance with the plea agreement.  If the trial court could not agree to that, the Court held, defendant must be allowed to withdraw his plea.  *Id*.

As noted, under the sentencing guidelines, defendant's recommended minimum sentence range was 5 to 17 months.  MCL 769.34(4)(a) provides:

> If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines set forth in chapter XVII is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections. *An intermediate sanction may include a jail term that does not exceed the upper limit of the recommended minimum sentence range or 12 months, whichever is less*.  [Emphasis added.]

Furthermore, MCL 769.31(b) defines "intermediate sanction" as "probation or any sanction, other than imprisonment in a state prison or state reformatory, that may lawfully be imposed."  The statute identifies a variety of possible intermediate sanctions, such as community service, probation, a jail sentence, a fine, house arrest, etc., but it unequivocally states that a prison sentence is not an intermediate sanction.  See also *People v Stauffer*, 465 Mich 633, 635; 640 NW2d

---

(…continued)
> shall begin to run at the expiration of the term or terms of imprisonment which the person is serving or has become liable to serve in a penal or reformatory institution in this state.

3

869 (2002). *Stauffer* implies that when the guidelines require an intermediate sanction, even if the *length* of the sentence does not exceed the statute's 12-month maximum, the sentence is an upward departure if the defendant is required to serve it in prison, rather than in jail. *Id*. at 636. Accordingly, the trial court cannot impose a prison sentence unless it identifies substantial and compelling reasons for the departure. *Id*.

The Court of Appeals correctly stated that the trial court erred by relying on *People v Weatherford*, 193 Mich App 115; 483 NW2d 924 (1992). *Weatherford,* predating the enactment of the legislative sentencing guidelines, was decided in the "era" of the judicial sentencing guidelines, 1983 through 1998. See *People v Hegwood*, 465 Mich 432, 438; 636 NW2d 127 (2001). Because the minimum sentence ranges recommended by the judicial guidelines were not the product of legislative action, sentencing courts could not be required to adhere to them. *Id.* Courts could sentence outside the guidelines simply by articulating a reason why such a sentence should be imposed. *Id.*; Michigan Sentencing Guidelines (2d ed, 1988), p 7. Thus, what the Court of Appeals determined to be a sufficient reason for the departure in *Weatherford* is inapplicable to a sentence imposed under the legislative sentencing guidelines.

More importantly, the sentence in *Weatherford* was imposed after a jury trial. The trial court there was not bound by any plea agreement to sentence within the guidelines, as the trial court was in the present case. Because the parties here agreed to a sentence within the guidelines, the trial court violated the agreement

4

not only by sentencing defendant to prison, but also by imposing an indeterminate sentence, under which defendant could be imprisoned for longer than the 12-month maximum allowed by the intermediate-sanction statute.

Finally, we conclude the Court of Appeals did not err when it held that defendant will be allowed to withdraw his plea only if the trial court cannot agree to a sentence within the guidelines. As the Court noted, defendant does not assert his innocence; the heart of his argument is that the prosecution did not fulfill its end of the bargain. *Muttscheler, supra* at 2.[2] Accordingly, enforcement of that bargain is the proper remedy.

Affirmed.

Clifford W. Taylor
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

---

[2] We note that this issue is simplified somewhat by the fact that defendant's new sentence must be served consecutively to the existing sentence. If the sentences could have been served concurrently, defendant might have chosen to agree to a departure in order to serve his new term in prison while he simultaneously served his existing prison term. Agreeing to such a departure from an intermediate sanction would waive an appellate challenge, unless the length of the sentence also exceeded 12 months, as it did in this case. *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005).

5