# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES ALLEN CHANDLER,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 320797
Isabella Circuit Court
LC Nos. 13-000475-FH,
           13-000637-FH

Before: RIORDAN, P.J., and DONOFRIO and BECKERING, JJ.

PER CURIAM.

This appeal arises out of two no contest pleas entered by defendant. In case 13-000475-FH, defendant pleaded no contest to a charge of attempted larceny of a building, MCL 750.360. In case 13-000637-FH, defendant pleaded no contest to charges of breaking and entering a building with the intent to commit a larceny therein, MCL 750.110, and larceny of a firearm, MCL 750.357b. In these cases, defendant was sentenced to serve concurrent prison terms of four to ten years for breaking and entering, three to five years for larceny of a firearm, and 16 months to two years for attempted larceny of a building. Defendant appeals by delayed leave granted.[1] We affirm in part and remand for resentencing on case 13-000637-FH.

## I. CASE 13-000637-FH

Case 13-000637-FH arises out of the theft of approximately 30 firearms from a pole barn on the victim's property. Defendant on appeal argues that the trial court erred in scoring offense variables (OVs) 4, 13, and 19.

Although defendant challenged the scoring of several OVs during the sentencing hearing, those challenges were with respect to an unrelated case.[2] Accordingly, because he never

---

[1] *People v Chandler*, unpublished order of the Court of Appeals, entered May 2, 2014 (Docket No. 320797).

[2] At defendant's sentencing hearing, he was sentenced on several cases, including the two instant cases on appeal and case 13-000191-FH. The sentences on all these cases were to run

-1-

challenged the OV scoring with respect to this case, these challenges are not preserved, and our review is for plain error affecting substantial rights. See *People v Kimble*, 470 Mich 305, 311-312; 684 NW2d 669 (2004). Under the plain error doctrine, defendant must show (1) that an error occurred, (2) that the error was plain, i.e., clear or obvious, and (3) that the plain error affected his substantial rights, meaning that defendant was prejudiced or that the error affected the outcome. *Id*. at 312, citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Our review also requires us to properly construe statutes. "[T]he goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. The touchstone of legislative intent is the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written." *People v Harris*, 495 Mich 120, 126-127; 845 NW2d 477 (2014).

## A. OV 4

Defendant first claims that the trial court erred in scoring OV 4 at 10 points. "Offense variable 4 is psychological injury to a victim." MCL 777.34(1). OV 4 is properly scored at 10 points if the victim suffers "[s]erious psychological injury requiring professional treatment." MCL 777.34(1)(a). "[T]he fact that treatment has not been sought is not conclusive." MCL 777.34(2). This Court has held that a victim's "statement declaring that he felt angry, hurt, violated, and frightened after the crime" was sufficient to uphold an assessment of 10 points under OV 4. *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012); see also *People v Davenport (After Remand)*, 286 Mich App 191, 200; 779 NW2d 257 (2009) (stating that a victim's "expression of fearfulness" is sufficient to score 10 points under OV 4).

Here, the victim provided the following in a victim-impact statement: "It makes you worry about how soon they will return to steal what they left. It also makes you wonder how much more safer you can make your property, knowing that there is no way to keep them out if they want in." Under our plain error analysis, we cannot conclude that OV 4 was incorrectly scored at 10 points. Under the applicable case law, the victim's "worry" that he was unable to prevent defendant, as well as the other individuals that were involved, from returning and stealing more property is sufficient to score OV 4 at 10 points. In this context, "worry" can be synonymous with "fear," and such an expression is sufficient to satisfy a scoring of 10 points. *Davenport*, 286 Mich App at 200.

## B. OV 13

Defendant also argues that the trial court erred in scoring OV 13 at 25 points. OV 13 is scored for a "continuing pattern of criminal behavior." MCL 777.43(1).

Under MCL 777.43(1)(b), OV 13 is scored at 25 points if "[t]he offense was part of a pattern of felonious criminal activity directly related to causing, encouraging, recruiting, soliciting, or coercing membership in a gang or communicating a threat with intent to deter,

concurrently. This Court has already affirmed his prison sentences for home invasion and conspiracy to commit home invasion in case 13-000191-FH in *People v Chandler*, unpublished opinion of the Court of Appeals, issued January 27, 2015 (Docket No. 318872).

punish, or retaliate against another for withdrawing from the gang." The term "gang" has not been defined by the Legislature, so we turn to the dictionary for guidance in understanding the Legislature's intent. *People v Stone*, 463 Mich 558, 563; 621 NW2d 702 (2001). In context, the term "gang" refers not to just a group of persons who join together to commit a crime, but "[a] group of criminals or hoodlums who band together for mutual protection and profit." *The American Heritage Dictionary of the English Language* (1996). The phrases "membership in a gang" and "withdrawing from a gang" clearly imply the existence of an ongoing criminal enterprise that survives with varying membership over time. A "gang," for purposes of OV 13, commonly has "identifying signs and symbols, such as hand signals and distinctive colors." *Black's Law Dictionary* (7th ed). The record in the case at hand does not evidence the existence of a "gang" of which defendant is a member. The record does not show the existence of an ongoing criminal enterprise, and the stealing of firearms does not necessarily implicate gang activity. As a result, 25 points was not warranted under subsection (b).

OV 13 also is scored at 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). As MCL 777.43(2)(a) provides, all relevant crimes within a five-year period are counted, including the sentence offense at issue. *People v Bonilla-Machado*, 489 Mich 412, 424; 803 NW2d 217 (2011). Here, defendant's crimes within five years of the sentence offense consist of the following: second-degree home invasion, conspiracy to commit second-degree home invasion, attempt larceny in a building, breaking and entering a building with intent to commit felony, and larceny of a firearm. Of these crimes, only the home invasion crime is a crime against a person. MCL 777.16f, and the rest, except for the conspiracy crime,[3] are categorized as crimes against property. MCL 777.16r. Consequently, during the applicable five-year period, defendant was involved with three crimes against property and only one crime against a person. As a result, the trial court could not rely on subsection (c) to score 25 points for OV 13.

However, OV 13 is properly scored at 10 points if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property." MCL 777.43(1)(d). As already discussed, defendant was involved with three crimes against property and one crime against a person. Therefore, the trial court plainly erred in scoring OV 13 at 25 points; it should have been scored at 10 points.

## C. OV 19

Defendant also argues that the trial court erred in scoring OV 19 at 10 points. "Offense variable 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. OV 19 properly is scored at 10 points when "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper,

---

[3] "Conspiracy does not constitute a crime against a person or property." *People v Goodman*, 497 Mich 883; 854 NW2d 720 (2014).

hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 342; 844 NW2d 127 (2013).

> Decisions of both this Court and our Supreme Court have held the following conduct to constitute an interference or attempted interference with the administration of justice:  providing a false name to police, threatening or intimidating a victim or witness, telling a victim or witness not to disclose the defendant's conduct, fleeing from police contrary to an order to freeze, attempting to deceive the police during an investigation, interfering with the efforts of store personnel to prevent a thief from leaving the premises without paying for store property, and committing perjury in a court proceeding. [*Id*. at 343-344.]

There is nothing in the record indicating that defendant, in any way, lied to police, threatened witnesses, or attempted to avoid detection.  In fact, when defendant was approached by police, he was cooperative and confessed.  Therefore, the trial court plainly erred in scoring OV 19 at 10 points.  It should have been scored at zero points.  MCL 777.49(d) ("The offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force.").

## D.  NEW GUIDELINES RANGE

Had the OVs been scored correctly, defendant's OV total would have been reduced from 56 points to 31 points, thereby changing his OV level from V to III.  MCL 777.65.  With that change, the minimum sentencing guidelines range would be reduced from 29-to-57 months down to 10-to-23 months.  Defendant's minimum sentence on the breaking and entering charge in case 13-000637-FH was four years (48 months), which exceeds the properly scored sentencing guidelines range.  Where a scoring error alters the appropriate guidelines range, resentencing is required.  *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

## II.  CASE 13-000475-FH

Case 13-000475-FH arises out of the attempted theft of merchandise from a store.  Defendant argues that the trial court erred in failing to impose an intermediate sanction or in failing to state substantial and compelling reasons for not doing so on the record.[4]

When an upper recommended minimum sentence range is less than 18 months, the trial court is required to impose an intermediate sanction unless it states substantial and compelling reasons to sentence defendant to prison.  *People v Stauffer*, 465 Mich 633, 635-636; 640 NW2d 869 (2002); *People v Lucey*, 287 Mich App 267, 270; 787 NW2d 133 (2010), citing MCL 769.34(4)(a).  According to MCL 769.34(4)(a),

---

[4] Unlike case 13-000637-FH, this case does not entail an unpreserved scoring error; instead, it simply entails a straight-up departure from the guidelines, which has no preservation requirement.  See *People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008).

If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines . . . is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record a substantial and compelling reason to sentence the individual to the jurisdiction of the department of corrections. An intermediate sanction may include a jail term that does not exceed the upper limit of the recommended minimum sentence range or 12 months, whichever is less.

"Intermediate sanction" is defined as "probation or any sanction, other than imprisonment in a state prison or state reformatory, that may lawfully be imposed." MCL 769.31(b).

Here, the trial court, after acknowledging that the proper guideline range was zero to 17 months, sentenced defendant to 16 months to two years in prison for the attempted larceny in a building conviction in case 13-000475-FH. While choosing imprisonment instead of an intermediate sanction, the court failed to advance any substantial and compelling reasons. This, in a vacuum, was error on the court's part.

However, we do not analyze this issue in a vacuum. Because defendant was properly sentenced to a term of imprisonment in case 13-000191-FH, which runs concurrent with the sentence in 13-000475-FH, defendant suffered no harm as a result of the trial court's failure to impose an intermediate sanction. Indeed, it would be impossible to concurrently serve an intermediate sanction, such as a jail term, at the same time as a prison term, which makes defendant's request moot. See *People v Cathey*, 261 Mich App 506, 510; 681 NW2d 661 (2004) ("An issue is moot when an event occurs that renders it impossible for the reviewing court to fashion a remedy to the controversy."). This illustrates why "[i]f sentences are to be served concurrently, there is no reason why a defendant's offenses should be scored separately because all of the defendant's sentences will be served at the same time." *People v Hill*, 221 Mich App 391, 396; 561 NW2d 862 (1997); see also *People v Lopez*, 305 Mich App 686, 691-692; 854 NW2d 205 (2014).

We affirm the sentence for case no. 13-000475-FH, but we remand for resentencing in case 13-000637-FH. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Pat M. Donofrio
/s/ Jane M. Beckering