# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TYRONE MCKENSEY CLARK,

        Defendant-Appellant.

FOR PUBLICATION
April 19, 2016

No. 322852
Ottawa Circuit Court
LC No. 13-037767-FH

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

O'CONNELL, P.J. (*dissenting*).

At issue in this case is whether "supervised release" falls within the meaning of "parole" for the purposes of MCL 768.7a(2). Because I conclude that it is, I would affirm.

We review de novo questions of statutory interpretation. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). However, because defendant did not preserve this issue, he is only entitled to relief if he can establish that a plain error affected his substantial rights. See *People v Carines*, 460 Mich 750, 763; 579 NW2d 130 (1999).

MCL 768.7a(2) provides that a person who commits a felony while on parole is subject to consecutive sentencing for the new crime:

> If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

We may consult a dictionary definition to determine the commonly understood meaning of undefined terms. *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251 (2002). A "Supervised release" is defined as "[f]ederal parole, which may be imposed in addition to a prison term." *Black's Law Dictionary* (10th ed). In both cases, the sentence has been imposed "for a previous offense." And a defendant on federal supervised release is prohibited from committing state crimes, 18 USC § 3583(d), as is a defendant on parole, see MCL 791.238(5).

Because supervised release is defined as federal parole and both are imposed for the same reason, i.e., the defendant committed a previous offense, I would conclude that the Legislature

intended MCL 768.7a's reference to "on parole" to include federal supervised release. To the extent that supervised release and parole are different (whether the release is in addition to or a replacement of incarceration), I conclude that this distinction is without difference for the common understanding of MCL 768.7a. Defendant has not shown a plain error affecting his substantial rights.

I would affirm.

/s/ Peter D. O'Connell