*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MAURICE LADANIEL MONTGOMERY,

        Defendant-Appellant.

UNPUBLISHED
July 17, 2025
10:22 AM

No. 368494
St. Clair Circuit Court
LC No. 23-000860-FH

Before: PATEL, P.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of possession with intent to deliver cocaine (less than 50 grams), MCL 333.7401(2)(a)(*iv*); possession with intent to deliver fentanyl (less than 50 grams), MCL 333.7401(2)(a)(*iv*); bringing contraband into a correctional facility, MCL 800.281(3); possessing Suboxone, MCL 333.7403(2)(b)(*ii*); maintaining a drug house, MCL 333.7405(1)(d); and three counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to consecutive terms of 1 1/2 to 20 years' imprisonment for the possession-with-intent-to-deliver cocaine conviction and 1 to 20 years' imprisonment for the possession-with-intent-to-deliver fentanyl conviction;[1] one to two years' imprisonment each for bringing contraband into a correctional facility, possessing Suboxone, and for maintaining a drug house; and two years' imprisonment for each felony-firearm conviction, to be served consecutively to the two possession-with-intent-to-deliver, and maintaining-a-drug-house convictions. We affirm defendant's convictions, but remand to the trial court for the reasons stated in this opinion.

## I. BACKGROUND

A drug task force conducted a warrant-based search of a home in Port Huron following a one-month investigation involving defendant. Officers found fentanyl, crack cocaine, Suboxone,

---

[1] Defendant's judgment of sentence incorrectly indicates 1 1/2 to 20 years' imprisonment for defendant's possession-with-intent-to-deliver fentanyl conviction.

a firearm, cash, and several digital scales in the master bedroom and garage. While the officers were executing the search warrant, defendant was arrested during a traffic stop. Officers recovered two cell phones from defendant's vehicle. He was transported to jail. During a strip search, a baggie with eight packs of suspected crack cocaine fell from defendant's underwear. Officers prepared a second search warrant for defendant's Facebook videos and messages. Two videos recovered from defendant's Facebook account showed defendant with large quantities of cash. One video showed defendant holding a handgun, which was similar to the one found in the closet during the execution of the search warrant. Messages recovered from defendant's Facebook account reflected conversations regarding apparent drug transactions with potential customers.

Defendant was charged with two counts of possession with intent to deliver involving cocaine and fentanyl, bringing contraband into a correctional facility, possessing Suboxone, maintaining a drug house, and three counts of felony-firearm. After rejecting a plea offer, defendant moved in limine to exclude the Facebook evidence, arguing that it was not relevant and overly prejudicial. The trial court denied the motion. The jury convicted defendant of the charged offenses and he was sentenced as stated above. This appeal followed.

## II. EVIDENCE OF OTHER ACTS

Defendant argues that the trial court abused its discretion by admitting the Facebook evidence. Specifically, defendant asserts that the prosecution provided improper notice and that the evidence was not relevant and unfairly prejudicial. We disagree.

We review the trial court's decision to admit evidence for an abuse of discretion. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "An abuse of discretion occurs when the result is outside the range of principled outcomes." *People v Brown*, 279 Mich App 116, 144; 755 NW2d 664 (2008). Preliminary questions of law, such as whether a rule of evidence permits the admission of evidence, are reviewed de novo. *Lukity*, 460 Mich at 488.

Before trial, defendant moved in limine to exclude the Facebook evidence under MRE 401 and MRE 403 arguing that it was not relevant and overly prejudicial. The prosecution argued that the evidence was admissible to prove defendant's possession and intent to deliver narcotics, his presence in the residence, and his ownership and accessibility to the firearms. Although not raised by defendant, the prosecution also argued that the evidence was not excludable under MRE 404(b). The trial court denied the motion. Following the motion hearing, the prosecution filed a notice of intent to introduce the Facebook evidence as evidence of other crimes, wrongs or acts.

"The general rule under MRE 404(b) is that evidence of other crimes, wrongs, or acts is inadmissible to prove a propensity to commit such acts." *People v Denson*, 500 Mich 385, 397; 902 NW2d 306 (2017).[2] But such evidence can be admitted for other purposes. MRE 404(b)(1). The version of MRE 404(b)(1) in effect at the time of trial provided the following:

---

[2] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. See 512 Mich lxiii (2023). We rely on the version of the rules in effect at the time of defendant's trial.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994), our Supreme Court developed a four-prong test to determine whether evidence of other acts is admissible under MRE 404(b):

First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury.

Defendant's charges included two counts of possession with intent to deliver, maintaining a drug house, and three counts of felony-firearm. The elements of possession with intent to deliver are: "(1) that a defendant possessed a controlled substance, (2) that the defendant knew he or she possessed the controlled substance, (3) that the defendant intended to deliver the controlled substance to someone else, and (4) the amount of the controlled substance, if applicable." *People v Robar*, 321 Mich App 106, 131; 910 NW2d 328 (2017). "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Bass*, 317 Mich App 241, 268-269; 893 NW2d 140 (2016) (cleaned up).

The Facebook evidence supported the elements of possession and intent. Messages exchanged between defendant and several others, especially a potential purchaser on the day defendant was arrested, suggested that defendant possessed and intended to deliver illegal substances. Further, the videos supported defendant possessed large quantities of cash and a firearm. Officers testified that large amounts of currency were common among drug dealers. The prosecution articulated a proper noncharacter purpose for admission of the other-acts evidence.

Next, we must determine whether the other-acts evidence was logically relevant. *Denson*, 500 Mich at 398. "Other-acts evidence is logically relevant if two components are present: materiality and probative value." *Id*. at 401. "Materiality is the requirement that the other-acts evidence be related to any fact that is of consequence to the action." *Id*. (cleaned up). "In other words, is the fact to be proven truly in issue?" *Id*. (cleaned up). "Evidence is probative if it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id*. at 401-402 (cleaned up). The relevant issues were defendant's possession and intent. Defendant's Facebook messages with potential buyers and the videos reflecting his possession of the firearm and large quantities of cash were material to the charges. The messages and videos were also probative because they make it more probable than not that defendant possessed narcotics and a firearm and intended to deliver the narcotics.

The third factor considers whether the probative value of the evidence is not substantially outweighed by unfair prejudice. *VanderVliet*, 444 Mich at 55. Our Supreme Court has held:

> The weighing of evidence's probative value against its prejudicial effect requires a balancing of several factors, including the necessary time to present the evidence, whether the evidence is needlessly cumulative, how directly probative the evidence is, how necessary the fact to be proven by the evidence is, whether the evidence would mislead the jury, and whether there is an alternative and less potentially harmful way to prove the fact. [*People v Sharpe*, 502 Mich 313, 331-332; 918 NW2d 504 (2018).]

"All evidence offered by the parties is 'prejudicial' to some extent, but the fear of prejudice does not generally render the evidence inadmissible. It is only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded." *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). "In essence, evidence is unfairly prejudicial when there exists a danger that marginally probative evidence might be given undue weight by the jury." *People v Dixon-Bey*, 321 Mich App 490, 513; 909 NW2d 458 (2017). The Facebook evidence was more probative than prejudicial to establish defendant's possession of the narcotics and firearm and his intent to deliver the narcotics.

Defendant also challenges the admission of this evidence on the basis of notice. "Before being allowed to introduce evidence of other acts under MRE 404(b), the prosecution must provide timely notice to the defense as defined by MRE 404(b)(2)." *People v Felton*, 326 Mich App 412, 420; 928 NW2d 307 (2018). Under MRE 404(b)(2), the "prosecution in a criminal case shall provide written notice at least 14 days in advance of trial, or orally on the record later if the court excuses pretrial notice on good cause shown . . . ." The notice must provide "the general nature of any such evidence [the prosecution] intends to introduce at trial and the rationale . . . for admitting the evidence." *Id*. It is undisputed that written notice was not timely filed, but the trial court found there was good cause.

This Court has noted:

> Requiring the prosecution to give pretrial notice of its intent to introduce other acts evidence at trial is designed to promote[] reliable decision making, to prevent[] unfair surprise, and to offer[] the defense the opportunity to marshal arguments regarding both relevancy and unfair prejudice. [*Felton*, 326 Mich App at 421 (cleaned up; alterations in original).]

Defendant was well aware of the evidence and moved to exclude it three weeks before the start of trial. Defendant did not raise MRE 404(b) in his motion. But the trial court noted at the motion hearing, which was 10 days before trial, that the nature of the evidence "appears to be other acts evidence . . . ." The prosecutor stated that it would file notice and requested that the trial court find good cause, which it did. The prosecution promptly filed its notice the next day. The record supports that defendant was not unfairly surprised and he had time to "marshal arguments regarding both relevancy and unfair prejudice." See *id*.

The trial court did not abuse its discretion by admitting the Facebook evidence.

III. JURY INSTRUCTION

Next, defendant argues that the trial court abused its discretion by refusing to give a good-character jury instruction. We disagree.

We review claims of instructional error de novo. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). But a trial court's determination whether a jury instruction applies to the facts of the case is reviewed for an abuse of discretion. *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010).

"It is the function of the trial court to clearly present the case to the jury and instruct on the applicable law." *People v Everett*, 318 Mich App 511, 529; 899 NW2d 94 (2017) (cleaned up). "A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Mills*, 450 Mich 61, 80; 537 NW2d 909 (1995). "The instruction to the jury must include all elements of the crime charged . . . and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *People v Reed*, 393 Mich 342, 349-350; 224 NW2d 867 (1975). The trial court must grant a request for a jury instruction on a theory or defense if it is supported by the evidence. *People v McKinney*, 258 Mich App 157, 163; 670 NW2d 254 (2003). But if the trial court fails to give an applicable jury instruction, the defendant bears the burden of establishing that such failure resulted in a miscarriage of justice. MCL 769.26; *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). Unless, after reviewing the "nature of the error in light of the weight and strength of the untainted evidence, it affirmatively appears that it is more probable than not that the error was outcome determinative," the defendant's conviction will not be reversed. *Riddle*, 467 Mich at 124–125.

In this case, one of the officers testified that, as part of the initial investigation, he searched LEIN and found multiple firearms associated with defendant. The officer testified that this search was important for officer safety in executing the search warrant. Defense counsel asked the officer whether defendant had a criminal record. The officer testified that his LEIN search did not reveal a criminal record for defendant. But the officer clarified that his LEIN search was "more for the record of the guns." On the basis of this testimony, defendant requested the good-character instruction, which states:

> You have heard evidence about the defendant's character for [peacefulness / honesty / good sexual morals / being law-abiding / (*describe other trait*)]. You may consider this evidence, together with all the other evidence in the case, in deciding whether the defendant committed the crime with which (he/she) is charged. Evidence of good character alone may sometimes create a reasonable doubt in your minds and lead you to find the defendant not guilty. [M Crim JI 5.8a(1).]

The trial court declined to give the instruction.

The officer's testimony regarding the lack of a criminal record for defendant in LEIN was weak character evidence. But it was good-character evidence. Reversal is unwarranted unless the omitted jury instruction was outcome determinative and thus lead to a miscarriage of justice. *Riddle*, 467 Mich at 124; *McKinney*, 258 Mich App at 163. The evidence in this matter overwhelmingly supported defendant's convictions. Because any error resulting from the trial

court's failure to give a good-character was not outcome determinative, reversal of defendant's conviction is unwarranted. Accordingly, defendant is not entitled to relief on this issue.

IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues defense counsel was ineffective regarding the plea offer. We disagree.

An ineffective-assistance-of-counsel claim presents a "mixed question of fact and constitutional law." *People v Yeager*, 511 Mich 478, 487; 999 NW2d 490 (2023). Generally, we review de novo constitutional questions, while we review the trial court's findings of fact for clear error. *Id.* To preserve a claim of ineffective assistance of counsel, a defendant must raise the issue in a motion for a new trial or a *Ginther*[3] evidentiary hearing filed in the trial court, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or in a motion to remand for a *Ginther* hearing filed in this Court, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Defendant did none of these things and thus our review of this unpreserved issue is limited to errors apparent on the record. *Abcumby-Blair*, 335 Mich App at 227.

The United States and Michigan Constitutions afford criminal defendants the right to effective assistance of counsel. *Yeager*, 511 Mich at 488, citing Const 1963, art 1, § 20; US Const Am VI; *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To prevail on a claim of ineffective assistance, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome would have been different." *Yeager*, 511 Mich at 488 (cleaned up). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (cleaned up). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (cleaned up). Counsel's performance is strongly presumed to have been "born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). A trial strategy is not ineffective simply because it ultimately does not succeed. *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001). A strategy is also not ineffective because it entails taking calculated risks, especially if the range of available options for the defense is meager. *People v Pickens*, 446 Mich 298, 324-325; 521 NW2d 797 (1994). We will not second-guess matters of trial strategy or "assess counsel's competence with the benefit of hindsight." *Abcumby-Blair*, 335 Mich App at 237 (cleaned up).

In this case, there was a plea offer to dismiss the possession-with-intent-to-deliver fentanyl count, and two counts of felony-firearm. Defendant argues that trial counsel assured him that there would be insufficient evidence to sustain his convictions, but that trial counsel neglected to account for constructive possession of controlled substances and firearms. Defendant claims that he would have accepted the prosecution's plea offer if trial counsel had informed him about constructive

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

possession.[4]  A defendant is entitled to the effective assistance of counsel when considering or negotiating a plea agreement.  *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). "Defense counsel's obligation was to properly advise defendant regarding the nature of the charges or the consequences of the guilty plea and the possible defenses to the charges to which the defendant is pleading guilty, so defendant ha[d] the ability to make an intelligent and informed choice from among his alternative courses of action." *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020) (cleaned up).  To demonstrate prejudice with respect to ineffective assistance of counsel in the plea-bargaining process, the " 'defendant must show the outcome of the plea process would have been different with competent advice.' " *Douglas*, 496 Mich at 592, quoting *Lafler v Cooper*, 566 US 156, 163-164; 132 S Ct 1376; 182 L Ed 2d 398 (2012).

Defendant has not asserted that trial counsel inaccurately advised him of the penalties and risks regarding the plea or that he was unaware of his options.  He simply contends that trial counsel opined that they would likely succeed.  The record shows that defense counsel argued that defendant had a tenuous connection to the house, and implied the drugs and gun may have belonged to others present in the house when the search warrant was effectuated.  Defense counsel clearly attempted to raise reasonable doubt on this issue.  Indeed, had defense counsel managed to convince the jury that the items found in the home did not belong to defendant, he likely would have been acquitted of the possession-with-intent-to-deliver fentanyl charge and the associated felon-firearm charge.  But defendant's regret—in hindsight—for not taking the plea offer does not prove that he would have accepted it when it was offered.  Defendant has failed to rebut the presumption that defense counsel's advice or performance fell below an objective standard of reasonableness.

## V.  CONSECUTIVE SENTENCES

Defendant further argues that the trial court erred by imposing consecutive sentences for his two possession-with-intent-to-deliver convictions.  We disagree.

"To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018) (cleaned up).  Defendant did not take these steps and thus this issue is unpreserved.  Generally, a trial court's decision to impose consecutive sentences is reviewed for an abuse of discretion.  *People v Baskerville*, 333 Mich App 276, 290; 963 NW2d 620 (2020).  But unpreserved sentencing issues are reviewed for plain error affecting substantial rights.  *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."  *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  "The third requirement

---

[4] Defendant attached an affidavit to his brief on appeal averring that he rejected the plea offer because defense counsel assured him he would prevail at trial.  Because this affidavit was not presented to the trial court, we decline to consider it.  See MCR 7.210(A)(1); see also *People v Gingrich*, 307 Mich App 656, 659 n 1; 862 NW2d 432 (2014).

generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (cleaned up). Defendant was convicted of two counts of possession with intent to deliver under MCL 333.7401(2)(a)(*iv*). MCL 333.7401(3) states: "A term of imprisonment imposed under subsection (2)(a) may be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony." When imposing a consecutive sentence, the trial court must articulate its rationale in order to facilitate appellate review. *People v Norfleet*, 317 Mich App 649, 664-665; 897 NW2d 195 (2016). Because there is a "heavy presumption in favor of concurrent sentences," the trial court must clearly explain its reasons "for believing that the strong medicine of a consecutive sentence was appropriate" for the case at hand. *People v Norfleet (After Remand)*, 321 Mich App 68, 73; 908 NW2d 316 (2017).

The trial court gave ample reasons for its decision to impose consecutive sentences. The record reflects that the trial court considered the specific offenses, reasoning there were "differences in the nature of the substances that we're dealing with and the harm or the evil that goes along with those." The court stated particularized reasons for imposing consecutive sentences, and it was apparent from the court's statements that it was aware of, and carefully weighed, the serious and punitive effect of the consecutive sentences imposed. See *People v Chambers*, 430 Mich 217, 231; 421 NW2d 903 (1988) (observing generally that the trial court should be aware of the punitive impact of a consecutive sentence at the time of its imposition). The record supports that trial court's reasoning and thus there is no plain error.

## VI. SENTENCE DEPARTURES

Defendant asserts that the trial court erred by imposing an upward-departure sentence without articulating adequate justification. The prosecution agrees, and so do we. Defendant further argues that the trial court violated MCL 769.34(4)(a) by imposing prison time for three of his convictions instead of an intermediate sanction without articulating reasonable grounds. We agree.

Because defendant did not raise these issues at sentencing, in a proper motion for resentencing, or in a motion to remand filed in this Court, these issues are unpreserved, *Anderson*, 322 Mich App at 634, and thus our review is for plain error affecting substantial rights. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

Defendant argues that the trial court violated MCL 769.34(4)(a) by failing to articulate reasonable grounds for sentencing him to 1 year to 20 years imprisonment for his possession-with-intent-to-deliver-fentanyl conviction instead of imposing an intermediate sanction. It is undisputed that the applicable minimum guidelines range for this offense was zero to 17 months. MCL 769.34(4)(a) states:

> If the upper limit of the recommended minimum sentence range for a defendant determined under the sentencing guidelines . . . is 18 months or less, the court shall impose an intermediate sanction unless the court states on the record reasonable

grounds to sentence the individual to incarceration in a county jail for not more than 12 months or to the jurisdiction of the department of corrections for any sentence over 12 months.

MCL 769.31(b) defines "intermediate sanction" as "probation or any sanction, *other than* imprisonment in a county jail, state prison, or state reformatory, that may lawfully be imposed." (Emphasis added). In other words, an intermediate sanction "does not include a prison sentence." *People v Stauffer*, 465 Mich 633, 635; 640 NW2d 869 (2002); see also *People v Muttscheler*, 481 Mich 372, 375; 750 NW2d 159 (2008). When "the upper recommended minimum sentence range [is] 18 months or less, the trial court [is] required to impose an intermediate sanction," *People v Lucey*, 287 Mich App 267, 270; 787 NW2d 133 (2010), "unless it states on the record reasonable grounds to sentence" the defendant to jail or prison, MCL 769.34(4)(a). Because the trial court chose to sentence defendant to prison rather than impose an intermediate sanction, it was required to state reasonable grounds on the record. MCL 769.34(4)(a). The trial court did not state its reasons on the record, which was plain error. As a result, we remand for the trial court to either impose an intermediate sanction, or articulate on the record reasonable grounds for the prison sentence.

Defendant raises similar arguments for his convictions of bringing contraband into jail and possessing Suboxone. The presentence investigation report (PSIR) recommended that defendant be sentenced to 1 1/2 to five years' imprisonment for his conviction of bringing contraband into jail, and one to two years' imprisonment for possessing Suboxone. The trial court sentenced defendant in accordance with the recommendations for each offense. The PSIR does not include sentencing guidelines ranges for either offense. It is undisputed that defendant's prior record variables (PRV) were scored at 20. The PSIR does not include offense variable (OV) scores for either offense, but defendant is not challenging the scoring for these offenses.

Bringing contraband into a jail is a class H offense. Considering defendant's PRV score of 20, even if defendant's OV score was 16 or higher, the maximum minimum guidelines range for this conviction would be zero to 11 months. The trial court sentenced defendant to 1 1/2 to five years' imprisonment for this offense. Because the trial court chose to sentence defendant to prison rather than impose an intermediate sanction, it was required to state reasonable grounds on the record. MCL 769.34(4)(a). The trial court did not state its reasons on the record, which was plain error. As a result, we remand for the trial court to either impose an intermediate sanction, or articulate on the record reasonable grounds for the prison sentence.

Possessing Suboxone is a class G offense. Considering defendant's PRV score of 20, even if defendant's OV score was 16 or higher, the maximum minimum guidelines range for this conviction would be zero to 17 months. The trial court sentenced defendant to one to two years' imprisonment for this offense. Because the trial court chose to sentence defendant to prison rather than impose an intermediate sanction, it was required to state reasonable grounds on the record. MCL 769.34(4)(a). The trial court did not state its reasons on the record, which was plain error. As a result, we remand for the trial court to either impose an intermediate sanction, or articulate on the record reasonable grounds for the prison sentence.

Defendant further argues the trial court erred when it imposed an upward-departure sentence for his conviction of maintaining a drug house without articulating a particular reason for

the departure. It is undisputed that the applicable minimum guidelines range for this offense was zero to 11 months. The trial court sentenced defendant to one to two years for this offense without providing the reasons for the upward departure. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he key to reasonableness review is whether the sentence is proportionate." *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023) (Opinion by BOLDEN, J.).[5] Thus, "the proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). When a trial court imposes a departure sentence, its "articulation must be sufficiently detailed to facilitate appellate review." *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). "This includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*. And the court must explain "the *extent* of the departure independent of the reasons given to impose a departure sentence." *Id*. at 305-306. However, a "trial court is not required to use any formulaic or 'magic' words in doing so." *People v Babcock*, 469 Mich 247, 259 n 13; 666 NW2d 231 (2003). The prosecution concedes the trial court failed to explain its departure sentence for this offense and that a remand is necessary. Accordingly, we remand for resentencing or articulation of the reasons for departure, including reasonable grounds for sentencing defendant to prison for this offense instead of imposing an intermediate sanction as set forth in MCL 769.34(4)(a).

Finally, we direct the trial court to correct defendant's judgment of sentence to reflect the sentence imposed for the possession of Suboxone conviction.

Affirmed in part and remanded to the trial court for the reasons stated in this opinion. We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Michael J. Riordan
/s/ Brock A. Swartzle

---

[5] While *Posey* was a plurality opinion that is not technically binding, this Court held "it [is] prudent to follow the holding in the interest of judicial economy." *People v Purdle (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 353821); slip op at 4.